963 P.2d 869 (1998)
136 Wash.2d 595
Owen S. LIMSTROM, Respondent,
v.
John W. LADENBURG, in his capacity as Pierce County Prosecuting Attorney, and Pierce County, a political subdivision of the State of Washington, Petitioners.
No. 65351-8.
Supreme Court of Washington, En Banc.
Argued January 27, 1998.
Decided October 1, 1998.
As Amended on Denial of Reconsideration November 16, 1998.
*871 Arthur D. Curtis, Clark County Prosecutor, Richard Alan Melnick, Deputy Clark County Prosecutor, Vancouver, for Amicus Curiae on behalf of Washington Association of Prosecuting Attorneys.
John Ladenburg, Pierce County Prosecutor, Kitty-Ann Van Doorninck, Deputy Pierce County Prosecutor, Tacoma, for Petitioners.
*872 Law Office of Owen S. Limstrom, Owen Sherman Limstrom, Tacoma, for Respondent.
*870 GUY, Justice.
In this case we are asked to determine the scope of the right afforded a citizen under the public records act to inspect criminal litigation files created and held by a prosecuting attorney. We hold that a citizen has the right to inspect documents, or portions of documents, in a public attorney's criminal litigation file, unless the documents requested would not be available to a party under the discovery rules set forth in the civil rules for superior court, or the information is otherwise protected from disclosure under the state Criminal Records Privacy Act or other statutory provision. We remand to the trial court for an in camera review of the files requested in this case to determine whether the documents, or portions thereof, should be disclosed, and for a determination of costs, attorney fees and penalties.

FACTS
In May 1995, Owen Limstrom, an attorney acting on his own behalf, sent two public disclosure requests to the Pierce County Prosecuting Attorney asking to inspect the prosecutor's litigation files in driving under the influence (DUI) cases in which a particular police officer had been involved. In the first request he asked
to inspect ... any and all files maintained in or by [the prosecutor's office] in which Deputy Eugene Allen, of the Pierce County Sheriff's Department, was involved in where the date of the alleged violation was between February 1994 and May 1994. If you have no way to narrow the cases to those which involved Deputy Allen, then I am requesting to inspect all case files in which the date of the alleged crime was between February 1994 and May 1994, and I will simply spend whatever time it takes to locate Deputy Allen's cases.
Clerk's Papers at 45.[1]
In the second, Mr. Limstrom repeated his request but included a statistical summary of 54 DUI arrests made by Deputy Allen. The summary included the DataMaster serial number for each test, the date of the breath test, the test score, and the suspect's date of birth. The names of the defendants in the cases were not included, but Mr. Limstrom provided the address of another agency to which the prosecutor could apply for help in identifying the defendants. The second request concludes:
If you are not able to obtain, or do not wish to obtain, the names of the individual defendants so as to make compliance with this public disclosure request easier, then I am requesting to inspect all case files in the possession and/or control of your office where the date of the alleged crime was between February 1994 and May 1994, and I will simply spend whatever time it takes to locate Deputy Allen's cases.
Clerk's Papers at 48.
The prosecuting attorney's office denied the request, claiming that, except for charging documents, which are available in the court clerk's office, criminal litigation files developed and held by a prosecutor are, in their entirety, work product and exempt from disclosure under RCW 42.17.310(1)(j) and the Criminal Records Privacy Act, RCW 10.97.
Mr. Limstrom then brought this action to compel disclosure. The trial court denied Mr. Limstrom's motion to compel disclosure because it determined that documents sought by Mr. Limstrom from the files either were the work product of the prosecuting attorney or were available from other sources.
Mr. Limstrom appealed, and the Court of Appeals reversed. Limstrom v. Ladenburg, 85 Wash.App. 524, 933 P.2d 1055, review granted, 133 Wash.2d 1001, 943 P.2d 662 (1997). The Court of Appeals held: the work product of a prosecutor which is exempt from disclosure under the public records act is limited to work product as defined in the superior court criminal discovery rule, CrR *873 4.7(f)(1); the fact that information was available from other sources did not justify the prosecutor's refusal to disclose the information; the prosecutor acted improperly when he denied Mr. Limstrom's request in its entirety; and the prosecutor should have disclosed those portions of the files which did not fall under the definition of work product contained in CrR 4.7(f)(1). The Court of Appeals held that Mr. Limstrom was entitled to inspect the files and remanded the case for a determination of attorney fees, costs and penalties to be awarded under RCW 42.17.340(4).[2]
We granted review.

ISSUE
Are criminal litigation files created and held by an attorney working for a public agency subject to disclosure under the public records act?

ANALYSIS
We have consistently recognized that Washington's public records act (Act), RCW 42.17.250-.348, is a strongly worded mandate for broad disclosure of public records. Confederated Tribes v. Johnson, 135 Wash.2d 734, 745, 958 P.2d 260 (1998); Amren v. City of Kalama, 131 Wash.2d 25, 31, 929 P.2d 389 (1997); Progressive Animal Welfare Soc'y (PAWS) v. University of Wash., 125 Wash.2d 243, 251, 884 P.2d 592 (1994); Hearst Corp. v. Hoppe, 90 Wash.2d 123, 127, 580 P.2d 246 (1978).
The purpose of the public disclosure act, in which the public records act is contained, is set forth in its first section as follows:
It is hereby declared by the sovereign people to be the public policy of the state of Washington:
. . . .
(11) That, mindful of the right of individuals to privacy and of the desirability of the efficient administration of government, full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.
RCW 42.17.010.
The public records act additionally provides at RCW 42.17.251:
The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy.
In order to promote its purpose, the Act requires all state and local agencies to
make available for public inspection and copying all public records, unless the record falls within the specific exemptions of [the Act], or other statute which exempts or prohibits disclosure of specific information or records.
RCW 42.17.260(1).
The parties involved in this appeal do not dispute that the prosecutor's office is an agency as defined in the Act, RCW 42.17.020(1); Dawson v. Daly, 120 Wash.2d 782, 788, 845 P.2d 995 (1993), or that a prosecutor's files are public records under the Act. RCW 42.17.020(36); Dawson, 120 Wash.2d at 789, 845 P.2d 995. They agree that an agency has a positive duty to disclose public records upon request, unless a specific exemption applies to the records requested.[3]Dawson, 120 Wash.2d at 789, 845 P.2d 995.
*874 The primary dispute in this case is whether an attorney's criminal litigation files, in their entirety, are protected from disclosure under the attorney work product exemption set forth in the public records act, RCW 42.17.310(1)(j).[4] RCW 42.17.310(1)(j) exempts from public inspection and copying
[r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts.
We read this provision to exempt from disclosure public records which are relevant to a controversy and which are the work product of an agency's attorney. The exemption relies on the rules of pretrial discovery to define the parameters of the work product rule for purposes of applying the exemption. See Dawson, 120 Wash.2d at 789-90, 845 P.2d 995; Overlake Fund v. City of Bellevue, 60 Wash.App. 787, 795, 810 P.2d 507 (1991).
The Court of Appeals applied the discovery rules applicable to criminal cases. The prosecutor argues that CR 26, the rule governing discovery in civil cases, should apply to a public records act request for information from an agency's litigation files. We agree with the prosecutor's position on this point.
Which rule applies under the exemption is significant because the civil rule, CR 26(b)(4), which is based on the common law work product protection, includes within the definition of work product factual information which is collected or gathered by an attorney, as well as the attorney's legal research, theories, opinions and conclusions. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Lewis H. Orland, Observations on the Work Product Rule, 29 GONZ. L. REV. 281, 282-83 (1993-94). The criminal discovery rule, CrR 4.7(f)(1), is more narrow in its definition of work product, limiting the protection to legal research or documents "to the extent that they contain the opinions, theories or conclusions of investigating or prosecuting agencies."
In determining the meaning of the statutory exemption at issue, we apply general principles of statutory construction. Harmon v. Department of Soc. & Health Servs., 134 Wash.2d 523, 530, 951 P.2d 770 (1998); Western Petroleum Importers, Inc. v. Friedt, 127 Wash.2d 420, 423, 899 P.2d 792 (1995) (rules of statutory construction apply to initiatives as well as to legislative enactments). These principles begin with the premise that if a statute is plain and unambiguous, its meaning must be derived from the language of the statute itself. State v. Mollichi, 132 Wash.2d 80, 87, 936 P.2d 408 (1997); Marquis v. City of Spokane, 130 Wash.2d 97, 107, 922 P.2d 43 (1996). Ambiguity exists if the language of a statute is susceptible to more than one reasonable interpretation. Vashon Island Comm. for Self-Gov't v. State Boundary Review Bd., 127 Wash.2d 759, 771, 903 P.2d 953 (1995).
The exemption set forth in RCW 42.17.310(1)(j) is susceptible to more than one *875 reasonable interpretation. The statute refers to "rules of pretrial discovery for causes pending in the superior courts," but does not designate which of our discovery rules should apply. Consequently, agencies are left without direction in responding to requests for disclosure of documents that might be considered work product. This lack of direction can result in differing interpretations of the statute, depending on the records requested, the nature of the action to which the records relate, or the forum in which the underlying action is filed. For example, the exemption does not state which superior court rule governs in determining whether a public attorney's file is exempt from disclosure where the file pertains to a cause that is not pending in the superior courts but instead is the subject of an administrative proceeding or a district, municipal or appellate court action. The statute does not identify which pretrial discovery rules should apply where the underlying cause which is the subject of the file requested is administrative, or is not clearly criminal nor clearly civil in nature.[5] Additionally, because a request to inspect or copy records is, itself, in the nature of a civil action, an agency or court might reasonably interpret RCW 42.17.310(1)(j) as meaning the civil discovery rules apply. Accordingly, we find the language of the statutory exemption ambiguous and, therefore, subject to judicial construction.
Our primary duty in interpreting a statute is to ascertain and give effect to the intent and purpose of the Legislature. State v. Hennings, 129 Wash.2d 512, 522, 919 P.2d 580 (1996); Dawson, 120 Wash.2d at 791, 845 P.2d 995. The purpose of the public records act is to ensure the sovereignty of the people and the accountability of the governmental agencies that serve them. RCW 42.17.251; Newman v. King County, 133 Wash.2d 565, 570, 947 P.2d 712 (1997); PAWS, 125 Wash.2d at 251, 884 P.2d 592. The general purpose of the exemptions to the Act's broad mandate of disclosure is to exempt from public inspection those categories of public records most capable of causing substantial damage to the privacy rights of citizens or damage to vital functions of government. PAWS, 125 Wash.2d at 273, 884 P.2d 592 (Andersen, C.J., concurring). The specific purpose of the work product exemption is to protect an agency attorney's work product from public disclosure. Dawson, 120 Wash.2d at 791, 845 P.2d 995. The work product exemption not only protects the interests of individuals but also promotes and protects the effectiveness of our adversarial judicial system. See FTC v. Grolier Inc., 462 U.S. 19, 24, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983).
Because our state act was modeled after the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, Hearst Corp., 90 Wash.2d at 128, 580 P.2d 246; In re Rosier, 105 Wash.2d 606, 619, 717 P.2d 1353 (1986) (Andersen, J., dissenting in part, concurring in part) (referring to the public records act as the "state freedom of information act"), we often look to judicial constructions of the FOIA in construing our own statute. Dawson, 120 Wash.2d at 792, 845 P.2d 995 (interpreting the work product exemption); Hearst Corp., 90 Wash.2d at 128, 580 P.2d 246. The FOIA includes a similar work product exemption. It provides that the FOIA does not require disclosure of
inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency[.]
5 U.S.C. § 552(b)(5) (Exemption 5).
The United States Supreme Court has held that "Congress had the attorney's work-product privilege specifically in mind when it adopted Exemption 5," NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 154, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975); the privilege being that enjoyed in the context of discovery in civil litigation. NLRB, 421 U.S. at 149, 95 S.Ct. 1504; Grolier, 462 U.S. at 23, 103 S.Ct. 2209.
*876 A similar construction is appropriate under our statutory scheme. The work product exemption was part of the original enactment of the public disclosure law in 1973. Laws of 1973, ch. 1 (Initiative 276), § 31(1)(j). At the time the public disclosure initiative was approved by the voters in November 1972, this state had no criminal discovery rules for superior court. See State v. Krausse, 10 Wash.App. 574, 575-76, 519 P.2d 266 (1974). The only pretrial discovery rules to which the public disclosure act could have referred were those set forth in CR 26, a rule modeled after the federal discovery rule for civil actions.
Federal Rule of Civil Procedure 26(b)(3), upon which CR 26(b)(4) is based,[6] attempted to codify the work product doctrine set forth in the United States Supreme Court's decision in Hickman, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, and its progeny. Upjohn Co. v. United States, 449 U.S. 383, 401, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); Heidebrink v. Moriwaki, 104 Wash.2d 392, 395, 706 P.2d 212 (1985). See also Orland, supra, at 282. As noted above, "work product," as defined in the criminal discovery rules, CrR 4.7(f)(1), is substantially more limited than the common law and civil rule definition.[7]
Application of the civil rule, CR 26(b)(4), to requests for disclosure of documents held in a public attorney's files is consistent with the legislative intent of the work product exemption. Dawson, 120 Wash.2d at 791, 845 P.2d 995. Additionally, reliance on CR 26 provides consistency in the application of the public records act to requests for information that may be contained in a public attorney's litigation files. The guidelines for determining a citizen's right to inspect documents in an attorney's litigation file should not change because of the forum in which the action is heard or the character of the proceeding to which the file relates. We hold that the pretrial discovery rules referred to in RCW 42.17.310(1)(j) are those set forth in the civil rules for superior court, CR 26.
We turn now to an examination of the work product doctrine and its application in this case.
The importance and scope of the work product rule was set forth in Hickman, as follows:
Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests. This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible waysaptly though roughly termed by the Circuit Court of Appeals in this case as the "work product of the lawyer." Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten. An attorney's thoughts, heretofore inviolate, would not be his own. Inefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.
We do not mean to say that all written materials obtained or prepared by an adversary's counsel with an eye toward litigation are necessarily free from discovery *877 in all cases. Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And production might be justified where the witnesses are no longer available or can be reached only with difficulty. Were production of written statements and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning. But the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.
329 U.S. at 510-12, 67 S.Ct. 385.
CR 26(b)(4) provides, in pertinent part:
[A] party may obtain discovery of documents and tangible things otherwise discoverable... and prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.
The civil work product protection applies to documents and other tangible things that (1) show legal research and opinions, mental impressions, theories, or conclusions of the attorney or of other representatives of a party; (2) are an attorney's written notes or memoranda of factual statements or investigation; and (3) are formal or written statements of fact, or other tangible facts, gathered by an attorney in preparation for or in anticipation of litigation. See Orland, supra, at 281. An attorney's gathering of factual items and documents is protected from disclosure, under the work product rule set forth in CR 26(b)(4), unless the person requesting disclosure demonstrates substantial need and an inability, without undue hardship, to obtain the documents or items from another source.
In his Observations on the Work Product Rule, Professor Orland reviews the conflicting decisions in the federal circuit courts which have applied the federal discovery rule, Rule 26(b)(3), and suggests a bright-line rule be applied to discovery requests for attorney work product. Professor Orland's suggested rule is consistent with our decisions, and we apply it in this case. That rule is:
(1) The mental impressions of the attorney and other representatives of a party are absolutely protected, unless their mental impressions are directly at issue. Pappas v. Holloway, 114 Wash.2d 198, 212, 787 P.2d 30 (1990).
(2) The notes or memoranda prepared by the attorney from oral communications should be absolutely protected, unless the attorney's mental impressions are directly at issue. See Pappas, 114 Wash.2d at 212, 787 P.2d 30; Dever v. Fowler, 63 Wash.App. 35, 48, 816 P.2d 1237 (1991).
(3) The factual written statements and other tangible items gathered by the attorney and other representatives of a party are subject to disclosure only upon a showing that the party seeking disclosure of the documents actually has substantial need of the materials and that the party is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Mental impressions of the attorney and other representatives embedded in factual statements should be redacted. Heidebrink, 104 Wash.2d 392, 706 P.2d 212. See Orland, supra, at 300-01.
*878 We now turn to the public records act request made by Mr. Limstrom.
Where, as here, a trial court's order is based solely on documentary evidence, affidavits and memoranda of law, our review is de novo. Dawson, 120 Wash.2d at 788, 845 P.2d 995; Tacoma Pub. Library v. Woessner, 90 Wash.App. 205, 215, 951 P.2d 357 (1998). However, because the documents requested were not viewed by the trial court, and are not included in the record, we are unable to completely resolve the matter before us. For our analysis we rely on the facts as presented by the parties. A final determination of what documents should be disclosed necessitates a remand to the trial court for an in camera review of the prosecutor's files.
Under the public records act, the party seeking to prevent disclosure bears the burden of proof. RCW 42.17.340(1); PAWS, 125 Wash.2d at 251-52, 884 P.2d 592. Where records sought are claimed to be work product and protected under RCW 42.17.310(1)(j), the agency has the burden of proving the records requested are work product. In this case the prosecutor claims his entire litigation file in each case is work product. While it is conceivable that the release of 50 or more files related by type of action charged might show a pattern that reveals a strategy or trial tactic that is the essence of an attorney's legal approach to a particular kind of case, and therefore protected under the work product rule, it is for the court, not the agency, to make the final determination that an exemption applies. Newman, 133 Wash.2d at 571, 947 P.2d 712; Amren, 131 Wash.2d at 34 n. 6, 929 P.2d 389. In our recent decision in Newman, we held that an active police investigation file, in its entirety, was exempt from disclosure under the Act's "effective law enforcement" exemption, RCW 42.17.310(1)(d). We interpreted that exemption as providing a broad categorical exemption from disclosure for all information contained in an open, active police investigation file. Our interpretation of the exemption applicable in Newman was based, in part, upon our recognition that a court can make a determination about what constitutes an open file or unsolved case and "effective law enforcement," as required by the exemption, by applying certain standards to proof offered by the agency about the status of the investigation, without reviewing the documents in the file itself. Newman, 133 Wash.2d at 573, 947 P.2d 712.
We decline to extend Newman to the exemption which is claimed in the present case. First, we attempt to follow the statutory and case law mandate that requires a narrow construction of exemptions. Second, we find it unnecessary to broadly interpret the work product exemption, as the standards for determining work product are set forth in the court rules and incorporated into the exemption. RCW 42.17.310(1)(j). Furthermore, unlike the exemption examined in Newman, the application of the work product exemption does not depend on status of the litigation as open or closed, solved or unsolved. The work product rule continues to protect materials prepared in anticipation of litigation even after the litigation has terminated. Dawson, 120 Wash.2d at 790, 845 P.2d 995; Pappas, 114 Wash.2d at 210, 787 P.2d 30; Dever, 63 Wash.App. at 47, 816 P.2d 1237. See also Grolier, 462 U.S. at 28, 103 S.Ct. 2209. We do not distinguish between completed and pending cases.
Once the files were identifiable by the prosecutor's office, the prosecutor had a duty to disclose those portions of the file that did not fall within the protections of the work product rule,[8] and to identify the documents that he claimed were work product and exempt from disclosure. PAWS, 125 Wash.2d at 270-71, 884 P.2d 592 (an agency's response to a requester must include a means for identifying records which are being withheld in their entirety).
Mr. Limstrom stated that he expected the files to contain narrative police reports; field sobriety test reports; alcohol and drug arrest reports; offer sheets; court documents, such as motions and orders; citations; and the notes of deputy prosecutors. He has consistently stated that he was not requesting documents or notes showing the mental *879 impressions or legal theories of prosecutors but wanted all other documents contained in the prosecutor's files. Mr. Limstrom conceded at the hearing before the trial court that nearly all of the information he sought was available from other sources, but that he went to the prosecutor first because "everything that I'm looking for is in their files." Verbatim Report of Proceedings at 10.[9] Before the hearing in the trial court, Mr. Limstrom had received, from the other sources, all of the documents he expected to find in the prosecutor's files except for motions made by defense attorneys and the offer sheets.
With respect to the factual documents gathered by the prosecutor and which Mr. Limstrom had already received from other sources prior to the trial court's ruling, we hold the documents are part of the prosecutor's fact-gathering process and are work product. Consequently, these documents are protected from disclosure unless Mr. Limstrom is able to demonstrate a substantial need and an inability to obtain the documents from other sources. It appears that because the documents were obtained by Mr. Limstrom from other agencies, he is unable to demonstrate an inability to obtain the records from other sources without undue hardship.
With respect to motions, orders and other documents that are readily available from the court clerk, we are unable to determine whether these documents, as they exist in the prosecutor's litigation files, constitute work product. If the documents contain highlighting or notes, then those markings would be work product and should be redacted before the documents are disclosed. If the documents are unmarked, then, as a general matter, they are not attorney work product and should be disclosed. The fact that they are readily available from another source is not a reason to deny a request for disclosure. Hearst Corp., 90 Wash.2d at 132, 580 P.2d 246.
The only remaining documents sought by Mr. Limstrom are offer sheets. There are no offer sheets contained in the record, and we are unable to determine the exact content of these documents and, therefore, whether the exemption would apply in any particular case. It is conceivable that some or all of the offer sheets, standing alone, are not work product and are subject to disclosure. It also is conceivable that offer sheets from 54 separate cases, examined together, might show litigation strategy or a legal method of resolving cases that constitutes an attorney's work product.
We remand to the trial court for an in camera review of these documents and others which are claimed to be work product. In our view, in this case "the only way that a court can accurately determine what portions, if any, of the file are exempt from disclosure is by an in camera review of [the files]." See Newman, 133 Wash.2d at 583, 947 P.2d 712 (Alexander, J., dissenting); Overlake, 60 Wash.App. at 796-97, 810 P.2d 507.
We remand, as well, because some of the information requested may be protected under the state Criminal Records Privacy Act. That act provides in pertinent part:
No person shall be allowed to retain or mechanically reproduce any nonconviction data except for the purpose of challenge or correction when the person who is the subject of the record asserts the belief in writing that the information regarding such person is inaccurate or incomplete. The provisions of chapter 42.17 RCW shall not be construed to require or authorize copying of nonconviction data for any other purpose.
RCW 10.97.080.
The record on review does not include the information which the prosecutor claims is exempt from disclosure under RCW *880 10.97.080. We are unable to determine whether nonconviction data, which is protected from disclosure, is included in the files. On remand, the trial court therefore should review offer sheets and other remaining documents that may be subject to disclosure to ensure compliance with RCW 10.97.[10]
Mr. Limstrom has requested attorney fees, costs and penalties be assessed against the prosecutor's office, pursuant to RCW 42.17.340(4).
If the trial court determines that documents within the prosecutor's files are subject to disclosure, then Mr. Limstrom is entitled to an award of attorney fees. RCW 42.17.340(4) (the court shall award costs and attorney fees to a person who prevails against an agency in an action seeking disclosure of public records); Amren, 131 Wash.2d at 35, 929 P.2d 389; Dawson, 120 Wash.2d at 800, 845 P.2d 995. If the trial court determines that attorney fees are appropriate, the award should relate only to that which is disclosed and not to any portion of the requested documents found to be exempt, Dawson, 120 Wash.2d at 800, 845 P.2d 995, and should be assessed only from the date on which the files requested were identifiable to the prosecutor. RCW 42.17.270. The award also should include fees on appeal.
As to penalties, the Act provides that it shall be within the discretion of the court to award a requester who prevails against an agency not less than $5 and not more than $100 for each day the requester was denied the right to inspect or copy the public records. RCW 42.17.340(4). We have interpreted this provision to entitle a requester to an award if an agency erroneously denies disclosure of a public record. Amren, 131 Wash.2d at 37, 929 P.2d 389. In determining the amount of the award, if ultimately warranted in this case, the principal factor to be considered is the existence or absence of bad faith on the part of the agency. Amren, 131 Wash.2d at 37-38, 929 P.2d 389; Yacobellis v. City of Bellingham, 64 Wash.App. 295, 303, 825 P.2d 324 (1992). Because that determination necessitates a fact finding, we remand to the trial court to make any such award.
Reversed and remanded.
JOHNSON, ALEXANDER and TALMADGE, JJ., concur.
MADSEN, J., concurs in result only.
DOLLIVER, Justice, dissenting.
I disagree that the civil discovery rule should be applied to this case. Furthermore, even if the civil discovery rule is the correct standard, Ladenburg failed to meet his burden of proof supporting his nondisclosure of the requested documents. The Court of Appeals should be affirmed.
The strong language in the public disclosure act (RCW 42.17) favoring disclosure must be kept in mind when analyzing the scope and determining the applicability of the listed exemptions to disclosure. The intent behind the discovery exemption in RCW 42.17.310(1)(j) is simply this: If a litigation opponent to a government agency cannot obtain access to the agency's litigation materials through discovery, then neither should a citizen have access to those same materials through the public disclosure act.
Since the materials sought by Limstrom come from criminal case files, I would apply the criminal discovery rule, CrR 4.7, to determine whether those materials would have been discoverable by parties to the cases. If the defendants in those criminal cases had access to the materials through the criminal discovery rule, then those same materials should be accessible via a public disclosure request. The Court of Appeals adequately analyzed the issue and found Ladenburg failed to meet his burden of proof under CrR 4.7.
Even if the civil discovery rule applies, Ladenburg has failed to meet his burden of proof. When an agency refuses a public disclosure request, its refusal "shall include a statement of the specific exemption authorizing the withholding of the record (or part) and a brief explanation of how the exemption applies to the record withheld." RCW *881 42.17.310(4). This requirement prevents an agency from "silently" denying access to documentsthe agency must justify its refusal and the records withheld must be identified with particularity. Progressive Animal Welfare Soc'y v. University of Wash., 125 Wash.2d 243, 270-71, 884 P.2d 592 (1994) (PAWS). "[A]n agency's response to a requester must include specific means of identifying any individual records which are being withheld in their entirety." PAWS, 125 Wash.2d at 271, 884 P.2d 592 (footnote omitted). The agency denying disclosure has the burden of proving the records can be withheld under one of the Act's exemptions. Amren v. City of Kalama, 131 Wash.2d 25, 32, 929 P.2d 389 (1997); RCW 42.17.340(1).
In refusing to disclose the files requested by Limstrom, the prosecutor's office did not even provide an index to the contents of the requested files. Ladenburg's arguments merely rested upon conclusory and blanket statements that the files were completely exempt from disclosure under RCW 42.17.310(1)(j). None of Ladenburg's briefings before any of the courts have ever detailed the contents of the requested files.
The majority claims the record is incomplete on the issue of what documents should be disclosed. Majority at 878. The majority's response to this lack of a sufficient record is to remand to the trial court. This unprecedented action ignores the fact that Ladenburg failed to meet his burden of proof when he first had the chance. It was Ladenburg's duty to establish, on the record, that his claimed ground for exemption was justified. The majority's remanding the case for further fact-finding is a debacle of judicial reasoning, and it rewards a party's deficient legal performance by giving him an undeserved second chance to "get it right." Ladenburg should not get a second chance to meet his burden of justifying nondisclosure; rather, the Court of Appeals' order compelling disclosure and awarding attorney fees must be affirmed.
DURHAM, C.J., and SANDERS and SMITH, JJ., concur.
NOTES
[1] The record does not reflect whether this request was received by the prosecuting attorney's office.
[2] The Court of Appeals decision addresses two additional public disclosure requests served by Mr. Limstrom upon the Pierce County Prosecutor's office. Limstrom v. Ladenburg, 85 Wash. App. 524, 533-34, 933 P.2d 1055, review granted, 133 Wash.2d 1001, 943 P.2d 662 (1997). Those requests are not before us.
[3] We note, as a separate matter, that Mr. Limstrom's requests do not clearly identify the information or files which he sought to inspect. At oral argument before the Court of Appeals, the prosecuting attorney explained that his office does not cross-reference its files to reflect the names of police officers involved in its cases, the breathalyzer scores or the dates of breathalyzer tests. Although the prosecutor could have requested clarification from Mr. Limstrom, RCW 42.17.320, it was not necessary as the requests themselves set forth his alternative to clarification. Mr. Limstrom requested unidentified litigation files or, alternatively, an opportunity to inspect all attorney files involving crimes committed during a four-month period. The Act provides:

Public records shall be available for inspection and copying, and agencies shall, upon request for identifiable public records, make them promptly available to any person.... Agencies shall honor requests received by mail for identifiable public records unless exempted by provisions of this chapter.
RCW 42.17.270 (emphasis added). On its face the Act does not require, and we do not interpret it to require, an agency to go outside its own records and resources to try to identify or locate the record requested. We also do not interpret the Act as providing a right to citizens to indiscriminately sift through an agency's files in search of records or information which cannot be reasonably identified or described to the agency. At some point during the course of this litigation, Mr. Limstrom was able to identify the files he was requesting; the record does not reflect when the prosecutor became aware of the specific records being requested.
[4] Only the exemption set forth in RCW 42.17.310(1)(j) is claimed by the prosecutor in this case. We do not consider whether other exemptions, such as the "effective law enforcement" exemption, RCW 42.17.310(1)(d), might apply to the disclosure of documents contained in the litigation files.
[5] Some cases, such as traffic infractions and personal restraint petitions, have characteristics of criminal actions but are considered civil proceedings. See City of Bremerton v. Spears, 134 Wash.2d 141, 150, 949 P.2d 347 (1998) (traffic infraction is a civil action); In re Personal Restraint Petition of Lord, 123 Wash.2d 737, 739 n. 2, 870 P.2d 964 (1994) (personal restraint petition is a civil procedure).
[6] CR 26(b)(4) was formerly designated CR 26(b)(3). The rule was renumbered in 1990. 115 Wash.2d 1162-65.
[7] The criminal discovery rules also strictly limit the dissemination and use of materials furnished under CrR 4.7. See CrR 4.7(h)(3).
[8] The prosecutor does not argue that the files, as requested, are not otherwise subject to disclosure under the discovery rules and does not claim that another public records act exemption applies.
[9] The trial court opined that it appeared Mr. Limstrom wanted the prosecutor's office to do his research for him. The trial court concluded, "the public disclosure legislation and the broad public purpose that is sought to be achieved there just doesn't fit this situation." Verbatim Report of Proceedings at 17. We agree that the public records act was not intended to be used as a tool for pretrial discovery. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (FOIA "is fundamentally designed to inform the public about agency action and not to benefit private litigants").
[10] Without a sufficient record, we decline to consider whether we agree with the interpretation of the law as articulated in Hudgens v. City of Renton, 49 Wash.App. 842, 844-45, 746 P.2d 320 (1987) (holding that RCW 10.97.080 exempts nonconviction data from being copied or retained under the public records act, but does not prevent public inspection of the data).