2015 MAY 18 AM 11: 29


IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEFFREY R. McKEE, | ) | No. 70901-1-I |
| Appellant, | ) | DIVISION ONE |
| v. | ) | |
| KING COUNTY, | ) | UNPUBLISHED OPINION |
| Respondent. | ) | FILED: May 18, 2015 |

BECKER, J. — This appeal seeks reversal of a superior court decision to dismiss a Public Records Act case. We affirm the dismissal.

The requester and appellant is Jeffrey R. McKee. On April 1, 2011, McKee requested documents held by the King County Prosecutor. McKee's request sought jail records and copies of documents held in the litigation file related to the State's case against him in State v. McKee, No. 03-1-01734-1 KNT. The prosecutor responded on April 13, 2011, initially stating that there were about 4,000 pages of records responsive to McKee's request. After some months of corresponding with McKee, the prosecutor narrowed that estimate down to 2,177 pages. On December 27, 2011, the prosecutor mailed a letter to McKee. The letter indicated that certain redactions had been made and stated that a privilege log detailing those redactions was being provided as an enclosure. The letter

also requested $266.55 for reproduction costs. McKee admits he never paid this fee and did not collect the records.

On November 29, 2012, McKee filed suit against King County under the Public Records Act, chapter 42.56 RCW. The County's first motion for summary judgment was granted, dismissing McKee's claim that the County's charge for reproducing the records was unreasonable. The County's second motion for summary judgment was filed on June 17, 2013, with respect to McKee's general claim that documents had been improperly exempted. McKee responded by identifying 31 records that he believed were improperly described as exempt. The County provided the trial court with copies of these documents in case the court determined an in camera review was necessary. After a hearing on July 18, 2013, the court decided an in camera review was unnecessary and dismissed McKee's case with prejudice. McKee appeals.

Judicial review of challenged agency action under the Public Records Act is de novo. RCW 42.56.55(3); Fisher Broad.-Seattle TV LLC v. City of Seattle, 180 Wn.2d 515, 522, 326 P.3d 688 (2014).

One of the records McKee requested was his own jail booking record. A person's jail records are generally exempt from disclosure under RCW 70.48.100 without the person's written permission. The County's privilege log identified RCW 70.48.100 as the reason for withholding McKee's booking record. In response to the County's second motion for summary judgment in July 2013, McKee stated that his request for the jail record was his written permission.

Even though McKee had not paid the copying and collection charges, the County sent him a copy of the jail booking record at that time.

A person's request for his own booking record amounts to written permission. Sargent v. Seattle Police Dep't, 167 Wn. App 1, 20, 260 P.3d 1006 (2011), aff'd in part and rev'd in part, 179 Wn.2d 376, 314 P.3d 1093 (2013). McKee contends the County's withholding of his nonexempt jail record between December 2011 and July 2013 was wrongful under Sargent and that the trial court therefore erred by granting summary judgment to the County. He asks that the case be remanded for further proceedings. The point of the further proceedings requested by McKee would be for an assessment of penalties against the County.

An inmate may be awarded penalties under the Public Records Act only if "the court finds that the agency acted in bad faith in denying the person the opportunity to inspect or copy a public record." RCW 42.56.565(1).

McKee, who was an inmate when he made his request, did not raise an issue about the jail record when he received the privilege log. He did not pay for collection or copying, calling into question whether he had a right to a copy of the jail record even after he asserted that it had been wrongfully withheld. See RCW 42.56.120. After McKee filed suit in November 2012, the County sent him an interrogatory asking him to identify documents he believed had been exempted from disclosure. He did not answer. It was not until the County filed its final motion for summary judgment that McKee specifically identified the jail record as a document he believed was improperly exempted. The County immediately

provided him with a copy of it. Under these circumstances, there is no basis for a finding that the County acted in bad faith by withholding the jail booking record.

The remaining documents are one memorandum and 29 e-mails contained in the prosecutor's litigation file. They are all described in the privilege log as attorney work product, exempt under RCW 42.56.290. For each document, the identifying information included the type of record, date, number of pages, and the author and recipient.

Further descriptive information was provided to the court in an affidavit submitted by a senior prosecuting attorney in support of the motion for summary judgment. The memorandum is identified as a two-page memorandum from a deputy prosecutor, requesting further investigation by the lead detective in an investigation of McKee. Five e-mails are identified as communications among prosecutors that describe criminal allegations against McKee, aspects of an investigation of McKee, and McKee's arrest. Four e-mails are identified as communications between a prosecutor, his paralegal, and a victim advocate, discussing the victim's participation in criminal litigation involving McKee. Twenty e-mails are identified as communications between prosecutors, a paralegal, and persons from various police agencies, showing attempts by the attorneys and paralegal to gather factual information for trial.

McKee claims none of these materials are exempt from disclosure.

The privilege log states that the four e-mails discussing the victim's participation in McKee's criminal case were withheld under RCW 5.60.060(8). The County agrees that RCW 5.60.060(8) was not applicable. That statute

4

exempts communications between a victim and a victim advocate, not communications between a victim advocate and an attorney or paralegal. Those communications, the County claims, are nevertheless exempt as attorney work product under RCW 42.56.090, along with the memorandum and all the other e-mails.

The Public Records Act exempts from public disclosure records "that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." RCW 42.56.290. "Work product under the public disclosure act is the same as work product under the civil rules." Soter v. Cowles Pub. Co., 131 Wn. App. 882, 893, 130 P.3d 840 (2006), aff'd, 162 Wn.2d 716, 174 P.3d 60 (2007).

The attorney work product doctrine protects materials prepared or collected in anticipation of litigation. Included within the definition of work product is factual information which is gathered by an attorney, as well as the attorney's legal research, theories, communications, opinions, and conclusions. Limstrom v. Ladenburg, 136 Wn.2d 595, 605-06, 963 P.2d 869 (1998); Koenig v. Pierce County, 151 Wn. App. 221, 230-31, 211 P.3d 423 (2009), review denied, 168 Wn.2d 1023 (2010).

The memorandum and the 29 e-mails McKee sought are encompassed by the attorney work product doctrine. As the attorney's declaration demonstrates, they memorialize an attorney's communications prepared in anticipation of litigation. Because these communications would be protected from civil

discovery, they are exempt from disclosure under the Public Records Act. RCW 42.56.290.

McKee contends the prosecutor should have redacted the memorandum and the 29 e-mails and produced them with only the header and footer showing, rather than withholding them altogether. Because McKee raises this argument for the first time on appeal, we decline to consider it. RAP 2.5(a).

Finally, McKee contends the trial court abused its discretion in declining to examine the documents in camera. Determining whether in camera inspection is required is left to the discretion of the trial court. Overlake Fund v. City of Bellevue, 60 Wn. App. 787, 796-97, 810 P.2d 507, review denied, 117 Wn.2d 1022 (1991). Without examining the documents themselves, the trial court could determine from the privilege log and the prosecutor's declaration that the documents were exempt as attorney work product. We find no abuse of discretion. Harris v. Pierce County, 84 Wn. App. 222, 235-36, 928 P.2d 1111 (1996).

Affirmed.

Becker, J.

WE CONCUR:

Cox, J