# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ENERGY POLICY ADVOCATES, a Washington Nonprofit Corporation, | No. 55187-0-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| OFFICE OF THE ATTORNEY GENERAL, | |
| Respondent. | |

MAXA, J. – Energy Policy Advocates (EPA) appeals the trial court's dismissal of its action under the Public Records Act (PRA), chapter 42.56 RCW. This action involved EPA's PRA request for certain records from the Attorney General's Office (AGO). The AGO produced 74 pages of documents that contained multiple redactions based on a PRA exemption that applies to attorney work product, RCW 42.56.290. EPA challenged the redactions.

The trial court conducted an in camera review of the redacted records and ruled that the records were reasonably characterized as litigation-related materials and therefore were exempt from disclosure under RCW 42.56.290. As a result, the court dismissed EPA's PRA complaint. The court did not provide a detailed explanation of its reasoning or issue any findings of fact or conclusions of law.

We hold that (1) EPA's challenge regarding the specificity of the trial court's ruling and lack of findings is immaterial because our review is de novo, (2) the redacted materials

constituted attorney work product and therefore were exempt from disclosure under RCW 42.56.290, and (3) the AGO did not waive its work product protection for the redacted materials. Accordingly, we affirm the trial court's dismissal of EPA's PRA complaint.

FACTS

*Background*

In May 2019, EPA submitted a PRA request to the AGO for certain specified documents. The AGO sent EPA two batches of documents totaling 74 pages. The documents contained multiple redactions, which were labeled with the code "2d." Clerk's Papers (CP) at 90-163. In a redaction log, the AGO identified the 2d code as "Attorney Work Product Privilege – RCW 42.56.290." CP at 86. After the AGO could not locate any other records, it notified EPA that the request was closed.

EPA then filed a complaint against the AGO, alleging that the redactions violated the PRA.

*Trial Court Proceedings*

The trial court scheduled a hearing on affidavits under RCW 42.56.550(3). The parties submitted briefs, and the AGO submitted declarations explaining the documents produced and the redactions from Christina Beusch.

Beusch is a deputy attorney general. In her declaration, she explained that the first 30-page batch of redacted records produced consisted of emails from and to persons in the AGO transmitting a litigation memo from an attorney in the AGO to another attorney in the AGO that attached three other litigation memos. According to Beusch, the memos contained "detailed factual backgrounds, summaries and analysis of various laws, regulations, and case law, as well as assessments of strengths and weaknesses of a case, and various options and strategies." CP at

33. The three attached memos were prepared by AGO attorneys. Beusch stated that she has "always understood that these memos are privileged and confidential." CP at 33.

Beusch stated that the second 44-page batch of redacted records consisted of emails between and among AGO attorneys and clients, most of which were unredacted. The redacted portions contained "attorney-client communications or attorney impressions regarding interest in, possibility of, or strategy for potential litigation." CP at 34. Redacted portions of an agenda for a climate change meeting were "impressions and notes of the attorney forwarding the agenda." CP at 34. All the redacted emails "were communications among AGO employees or with state client representatives." CP at 64.

After a hearing, the trial court determined that an in camera review was necessary to resolve the action. The court ordered the AGO to produce, under seal, unredacted copies of the documents produced to EPA.

The AGO produced the unredacted records for the in camera review. The AGO also filed a declaration from the chief of the Environmental Protection Division, William Sherman. Sherman stated regarding the litigation memos withheld that he "always understood that these memos were confidential, and their substance, and even the subject, was not to be disclosed outside the AGO." CP at 191.

After conducting the in camera review, the trial court found that "all redactions may reasonably be characterized as 'discussion of litigation-related technical, factual, and regulatory issues,' 'analysis of risks of different litigation positions,' or revealing 'what information [an] attorney deemed particularly important' related to reasonably anticipated litigation." CP at 197 (quoting *Kittitas County v. Allphin*, 190 Wn.2d 691, 706, 416 P.3d 1232 (2018)). Therefore, the

court determined that the AGO did not violate the PRA when it redacted work product from the documents produced under RCW 42.56.290[1] and dismissed EPA's complaint. EPA appeals the trial court's order dismissing its PRA complaint.

## ANALYSIS

A.      SPECIFICITY OF TRIAL COURT RULING

EPA argues that we should reverse the trial court's order because the trial court failed to explain the basis of its ruling, analyze the application of the work product exemption to specific documents or identify the litigation at issue, make findings of fact, or address EPA's waiver claim.  We decline to address this issue.

We review de novo an agency's action in responding to a PRA request.  RCW 42.56.550(3); *Green v. Pierce County*, 197 Wn.2d 841, 850, 487 P.3d 499 (2021), *pet. for cert. filed,* No. _____ (U.S. Oct. 22, 2021).  Similarly, when the trial court decides the case on the basis of affidavits, an appeals court will review its decision de novo. *Zink v. City of Mesa*, 140 Wn. App. 328, 336, 166 P.3d 738 (2007).  An appellate court stands in the same position as the trial court when the record consists entirely of documentary evidence. *Freedom Found. v. Dept. of Soc. & Health Servs.*, 9 Wn. App. 2d 654, 663, 445 P.3d 971 (2019), *review denied,* 194 Wn.2d 1017 (2020).

So regardless of whether the trial court makes findings or explains its reasoning, we will disregard any such findings or explanation in our de novo review.  Therefore, it is immaterial that the trial court did not enter findings or explain its decision.

---

[1] The trial court's order mistakenly referred to RCW 42.56.270.

B.    PRA EXEMPTION FOR WORK PRODUCT

EPA argues the trial court erred in determining that the redacted materials constituted work product and therefore were exempt from disclosure under RCW 42.56.290. We disagree.

1.    Legal Principles

The PRA presents a mandate for the broad disclosure of public records. *Green*, 197 Wn.2d at 850. An agency has an affirmative duty to disclose public records upon request unless disclosure is specifically exempt. RCW 42.56.070(1); *Green*, 197 Wn.2d at 850. PRA exemptions are narrowly construed. RCW 42.56.030; *Green*, 197 Wn.2d at 850. The burden of proof is on the agency to prove that the law supports any refusal to produce requested records. RCW 42.56.550(1); *Green*, 197 Wn.2d at 850.

The exemption at issue here is in RCW 42.56.290, which provides: "Records that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under [the PRA]." RCW 42.56.290 is known as the "controversy exception." *Allphin*, 190 Wn.2d at 701. The rationale for this exemption is that a party should not be allowed to obtain information through a PRA request that would not be discoverable in litigation. *Id.* at 716.

The phrase "rules of pretrial discovery" in RCW 42.56.290 refers to CR 26. *Allphin*, 190 Wn.2d at 701. Relevant here, CR 26(b)(4) protects attorney work product from disclosure. Subject to some exceptions, CR 26(b)(4) generally shields from disclosure materials "prepared in anticipation of litigation." *See Allphin*, 190 Wn.2d at 704. The work product doctrine applies not only to existing litigation, but also completed and reasonably anticipated litigation. *Id.*

The Supreme Court has outlined specific guidelines of when work product is discoverable, including the following rule: "(1) The mental impressions of the attorney and other representatives of a party are absolutely protected, unless their mental impressions are directly at issue." *Id.* (quoting *Limstrom v. Ladenberg*, 136 Wn.2d 595, 963 P.2d 869 (1998).

2. Analysis

As noted above, we review de novo an agency's action in responding to a PRA request. RCW 42.56.550(3); *Green*, 197 Wn.2d 841 at 850. This de novo review may include an in camera review of the disputed documents. RCW 42.56.550(3); *see Church of the Divine Earth v. City of Tacoma*, 13 Wn. App. 2d 497, 505, 466 P.3d 789, *review denied,* 196 Wn.2d 1025 (2020) (conducting in camera review on appeal).

After reviewing the unredacted documents in detail, we agree with the trial court that the documents are work product. The first batch contains litigation memos that discuss viable legal theories against a particular entity. There is no question that these memos contain attorney mental impressions relating to potential litigation and therefore constitute work product. The redacted portions of the second batch contain attorney mental impressions relating to potential litigation and therefore constitute work product. This work product material is exempt from disclosure under RCW 42.56.290.

EPA argues that the litigation to which the redacted materials relate must be identified. The Supreme Court has rejected this argument:

> However, the "controversy" exemption does not apply only to a specific controversy or controversies, but to any controversy to which the agency is a party. RCW 42.56.290 exempts records "relevant to *a* controversy to which an agency is a party," not *the* controversy, *one* controversy, or *some* controversies. *Id.* (emphasis added). Therefore, it was not necessary for the trial court to single out the controversy to which a given piece of work product was relevant, so long as the evidence revealed that the document was in fact relevant to a controversy to which the agency was a party.

*Sanders v. State*, 169 Wn.2d 827, 855-56, 240 P.3d 120 (2010).

We hold that the trial court did not err in ruling that the exemption in RCW 42.56.290 applied to the AGO's redactions.

C.      WAIVER OF EXEMPTION

EPA argues that the trial court erred in impliedly concluding that the AGO did not waive its right to withhold the work product materials.  We disagree.

The Supreme Court in *Allphin* adopted the rule that "a party waives its work product protection when it discloses work product documents to a third party in a manner creating a significant likelihood that an adversary will obtain the information."  190 Wn.2d at 708.  Under this rule, work product protection permits disclosure to the attorney's client.  *Id.* at 710.

Here, Sherman emphasized that he always understood that the legal memos redacted were confidential and were not to be disclosed outside the AGO.  This testimony supports a finding that the memos were not disclosed to a third party.  And EPA points to no evidence that the work product protection for the memos was waived.

Regarding the emails in the second batch, Beusch stated in her declarations that they all were communications among AGO employees with government clients.  This can be confirmed because the "from" and "to" portions of the emails were not redacted.  This evidence supports a finding that the emails were not sent to third parties other than clients.  And EPA points to no evidence that the work product protection for the emails was waived.

We hold that the AGO did not waive its work product protection for the redacted materials.

CONCLUSION

We affirm the trial court's dismissal of EPA's PRA complaint.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

CRUSER, J.