# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ENERGY POLICY ADVOCATES, a Washington nonprofit corporation, | No. 55173-0-II |
| Appellant, | |
| v. | |
| ATTORNEY GENERAL'S OFFICE, an agency of Washington State, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, J. — Energy Policy Advocates (EPA) sent a Public Records Act (PRA) request for electronic correspondence records between the Attorney General's Office (AGO) and various individuals. The AGO provided some documents, but redacted one e-mail and entirely withheld a common interest agreement and PowerPoint presentation as work product. EPA sued the AGO. Upon *in camera* review, the trial court ruled that the documents were properly redacted and withheld because they contain work product pertaining to a controversy. EPA appeals, arguing that the trial court's order is legally deficient and that the AGO failed to show the redacted and withheld documents qualify as work product. It also argues that the AGO waived its privilege. The AGO argues that because we review agency action under the PRA de novo, the sufficiency of the trial court's order is irrelevant. It also argues that the documents were properly redacted and withheld, and that it did not waive its privilege.

We agree with the AGO and affirm the trial court's ruling.

FACTS

EPA sent a PRA request for electronic correspondence records between the AGO and several individuals. The AGO complied with that request and provided over 700 pages of records. The AGO withheld two documents, a PowerPoint presentation and a common interest agreement, claiming they were exempt from disclosure as work product under RCW 42.56.290. The AGO also provided a heavily redacted e-mail between John Bachmann, a former official with the Environmental Protection Agency, and Michael Myers, an attorney from New York's Environmental Protection Bureau, detailing various strategies that could be used in potential litigation.

EPA sued the AGO, arguing that the withheld and redacted documents were not exempt as work product and should be disclosed. In its affidavit, the AGO described the common interest agreement as concerning potential litigation to address environmental harm. Multiple states entered into the common interest agreement to memorialize an intent to "collaborate and share confidential, privileged information related" to such litigation. Clerk's Papers (CP) at 80.

The affidavit states that the e-mail and PowerPoint presentation discuss and analyze the potential litigation, and contain information from experts evaluating the strengths of such litigation. The e-mail exchange includes a substantive discussion and analysis of information provided by one of the parties to the common interest agreement. Similarly, the PowerPoint contains substantive information and analyses from an individual with expertise on the type of potential litigation the states were considering.

The trial court considered the affidavits and decided to seal the documents and conduct an in camera review. The trial court ordered that the documents would be submitted under seal and remain under seal for appellate review. The AGO submitted the documents to the trial court. The

trial court reviewed them and found they were "properly withheld and/or redacted pursuant to the work product privilege" because they include information relating to prospective or anticipated litigation. CP at 197. The trial court then concluded the documents and redactions were exempt from disclosure under the PRA.

EPA appeals.

## ANALYSIS

### I. STANDARD OF REVIEW

EPA argues that while agency actions challenged under the PRA are reviewed de novo, we should review the trial court's ruling in this case under a substantial evidence standard. We disagree that a substantial evidence standard of review applies and instead review the case de novo.

We review agency action taken or challenged under RCW 42.56.030 through .520 of the PRA de novo, and we "may examine the records in camera to determine whether disclosure is proper," and conduct a hearing based only on affidavits. RCW 42.56.550(3); *Soter v. Cowles Pub. Co.*, 162 Wn.2d 716, 731, 174 P.3d 60 (2007). If "the record on appeal consists solely of declarations or other documentary evidence, we stand in the same position as the trial court." *Serv. Emps. Int'l Union Loc. 925 v. Univ. of Wash.*, 193 Wn.2d 860, 866, 447 P.3d 534 (2019). Accordingly, the applicable standard of review here is de novo.

### II. LEGAL PRINCIPLES

The PRA requires each agency, "in accordance with [its] published rules," to disclose public records unless an exemption applies. RCW 42.56.070(1); *Soter*, 162 Wn.2d at 730. The PRA mandates broad disclosure of public records, and courts liberally construe its provisions to effectuate that mandate. *Soter*, 162 Wn.2d at 731. "But where a listed exemption squarely applies, disclosure is not appropriate." *Id*.

RCW 42.56.290 exempts from public disclosure "[r]ecords that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." This exemption applies the rules of pretrial discovery to determine what records are exempt from disclosure due to the work product doctrine under the PRA. *Soter*, 162 Wn.2d at 731. Courts examining records under this exemption must determine whether a "controversy" exists to warrant the exemption. *Id.* at 732. A controversy is any "completed, existing, or reasonably anticipated litigation." *Id.* (quoting *Dawson v. Daly*, 120 Wn.2d 782, 791, 845 P.2d 995 (1993)).

The work product doctrine applies to documents that

"(1) show legal research and opinions, mental impressions, theories, or conclusions of the attorney or of other representatives of a party; (2) are an attorney's written notes or memoranda of factual statements or investigation; and (3) are formal or written statements of fact, or other tangible facts, gathered by an attorney in preparation for or in anticipation of litigation."

*Kittitas County v. Allphin*, 190 Wn.2d 691, 705, 416 P.3d 1232 (2018) (quoting *Limstrom v. Ladenburg*, 136 Wn.2d 595, 611, 963 P.2d 869 (1998)).

A party does not waive its right to withhold documents by sharing them with other parties. *See Sanders v. State*, 169 Wn.2d 827, 853, 240 P.3d 120 (2010). "The 'common interest' doctrine provides that when multiple parties share confidential communications pertaining to their common claim or defense, the communications remain privileged as to those outside their group." *Id.* "[D]ocuments that fall under the common interest doctrine are not discoverable in civil cases and so are exempt under the controversy exemption [of the PRA]." *Id.* at 854.

III.    WORK PRODUCT ANALYSIS

EPA first argues that the trial court's order is legally deficient by failing to include adequate factual findings, that it fails to apply the PRA to discrete documents, and that the privilege

exempting disclosure was not narrowly construed. The AGO argues that because we review its actions under the PRA de novo, the trial court's order is irrelevant. We agree with the AGO.

We review the AGO's actions de novo and review the sealed records. *See Soter*, 162 Wn.2d at 731. EPA recognizes our authority to review the sealed documents. Therefore, we refuse to address whether the trial court's order is deficient and instead review the sealed documents.

EPA argues that the AGO failed to satisfy its burden to show the documents were exempt and, therefore, its redaction and withholding was incorrect. We disagree and affirm the trial court's decision.

A.      Redacted E-Mail[1]

We conclude that the redacted sections of the e-mail at issue here are protected work product because they contain notes on a potential litigation strategy. The e-mail discussion between Bachmann, a former Environmental Protection Agency official, and Myers, an attorney from New York's Environmental Protection Bureau, details various strategies that could be used in potential litigation. The e-mail also includes reference to a detailed PowerPoint presentation and offers a brief explanation of its contents, which include research into various potential litigation strategies. Because the redacted e-mail contains legal research and opinions pertaining to anticipated litigation, it was properly redacted under the work product doctrine. *See Allphin*, 190 Wn.2d at 705.

Further, contrary to EPA's argument, the AGO did not waive its right to withhold portions of the document by communicating with Bachmann because Bachmann was engaged expressly to provide expert opinion on the issues involved in the potential litigation. The common interest

---

[1] The analysis of the documents intentionally excludes their specific contents so as to protect the AGO's work product privilege.

doctrine recognizes that communications regarding a common interest remain privileged "as to those outside their group." *Sanders*, 169 Wn.2d at 853. Therefore, we affirm the trial court's decision regarding the redacted e-mail.

B.      Common Interest Agreement

We conclude that the common interest agreement is protected by the work product doctrine because it identifies the parties of potential litigation and the goals the parties hope to achieve. *See Allphin*, 190 Wn.2d at 705. The document includes specific strategies the parties will employ to achieve its goals through litigation. Because the document contains legal theories and conclusions pertaining to potential litigation, the document is exempt from EPA's record request under the work product doctrine. *See Allphin*, 190 Wn.2d at 705.

C.      PowerPoint Presentation

The final document the AGO withheld from EPA is a PowerPoint presentation provided by Bachmann.

We conclude that the entirety of the PowerPoint presentation was properly withheld under the work product doctrine. The first page of the PowerPoint contains the goal of the litigation, and the potential benefits and challenges of using specific legal strategies. The second page includes an overview of the issues that the parties presumably believe require a lawsuit to address. The third page provides an overview of the law and legal definitions relating to the goals of the litigation. The fourth page contains a flow chart describing the current legal landscape and implementation process related to the goals of the potential litigation. The fifth page identifies potential challenges of the litigation strategy contemplated as a means to achieve the parties' goals. The sixth page provides an overview of existing standards related to the parties' litigation goal.

The seventh page provides a map of affected areas pertaining to the parties' goals. The final page examines an anticipated timeline on matters that may affect litigation.

Because the entirety of the document expressly addresses the parties' litigation goal and the potential legal theories and strategies for achieving such goal, the document was properly withheld under the work product exemption to the PRA. *See Allphin*, 190 Wn.2d at 705. For the same reason the e-mails between Bachmann and Myers did not waive the common interest privilege, AGO did not waive its privilege as to the PowerPoint presentation. *See Sanders*, 169 Wn.2d at 853. We affirm the trial court's ruling that the documents and redactions were exempt from disclosure under the PRA. We affirm the trial court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Worswick, P.J.

Lee, J.