[Nos. 19980-7-II; 20075-9-II. Division Two. March 14, 1997.]

OWEN S. LIMSTROM, *Appellant*, v. JOHN W. LADENBURG, *as Pierce County Prosecuting Attorney*, ET AL., *Respondents.*

526

*Owen S. Limstrom* and *Law Office of Owen S. Limstrom,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Kitty-Ann Van Doorninck, Deputy,* for respondents.

BRIDGEWATER, A.C.J. — We are asked to decide whether the requests to view criminal case files and a deputy prosecutor's personnel file under the public disclosure act, RCW 42.17, made to the county prosecutor's office should have been granted. We hold that a prosecuting attorney's office is an "agency" that must comply with the act; that the files requested contain public records; that the "work product" exception exempts only those items listed under CrR 4.7(f)(1); that the fact that the records were available elsewhere does not relieve the prosecutor from compliance; and, that disclosure of specific instances of misconduct in a personnel file is a matter of legitimate public concern. Because the requests should have been granted, Limstrom is entitled to attorney's fees, costs, and monetary sanctions. We reverse.

Owen S. Limstrom made three public disclosure requests of the Pierce County Prosecutor's Office; his requests were denied, as were his subsequent motions to compel disclosure.

Limstrom's first request was to inspect "any and all files maintained in or by your office in which Deputy Eugene Allen, of the Pierce County Sheriff's Department, was involved in [sic] where the date of the alleged violation was between February 1994 and May 1994." Included with the request was a list of some 54 files. This request was denied by the prosecutor's office, which claimed that the files were exempt from public disclosure because they were "work product" and that disclosure would violate the Criminal Records Privacy Act. Limstrom's subsequent motion to compel disclosure was heard and denied.

Limstrom's second request was to inspect "any and all documents in the personnel file of Deputy Prosecuting Attorney Sunni Young Ko, WSBA Number 20425, which concern *any* specific instances of misconduct." His third request was to inspect the prosecutor's case file in one particular case, *State v. Davis*. The record contains no response from the prosecutor's office to these requests. Limstrom claimed no response was made and filed suit and a motion to compel disclosure on both requests, which were denied. At appellate oral argument the prosecutor claimed to have no knowledge of the original requests being received, despite Limstrom having attached mailing return receipts for the requests to his complaint. The trial court did not make a finding as to whether or when Limstrom made a request in these two instances.

██ Judicial review of agency denials of public disclosure requests are de novo. RCW 42.17.340(3). "[T]he appellate court stands in the same position as the trial court where the record consists only of affidavits, memoranda of law, and other documentary evidence," and thus, the reviewing court is not bound by the trial court's findings. *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 252-53, 884 P.2d 592 (1994). The public disclosure act, RCW 42.17, is to be construed liberally to "promote complete disclosure," and exceptions to the disclosure requirement are construed narrowly. *Dawson v. Daly*, 120 Wn.2d 782, 788-89, 845 P.2d 995 (1993). An

agency's duty of disclosure is set forth in RCW 42.17.260(1), which provides that

> [e]ach agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or other statute which exempts or prohibits disclosure of specific information or records.

A county prosecutor's office is an agency covered by the act because it is a county agency. *Dawson*, 120 Wn.2d at 788; RCW 42.17.020(1).[1] "Public records" are defined in RCW 42.17.020(36) as: "any writing containing information relating to the conduct of government or the performance of any governmental or proprietary function prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." The prosecutor's files requested by Limstrom are public records because they are writings relating to the performance of prosecutorial functions, and they are used by the prosecutor's office in carrying out those functions. *See Dawson*, 120 Wn.2d at 789. The evaluations of a deputy prosecutor's performance are also public records because they are prepared by the prosecutor's office and they contain information about the conduct of the prosecutor's office and performance of prosecutorial duties. *Id.*

Disclosure of documents covered by the act are required unless they fall within a specific statutory exemption. *Id.* The agency claiming the exemption has the burden of proving that the documents requested fall within the scope of the claimed exemption. *Id.*; RCW 42.17.340(1).

## I

█ The prosecutor's office claims that it properly denied

---

[1] "'Agency' includes all state agencies and all local agencies. 'State agency' includes every state office, department, division, bureau, board, commission, or other state agency. 'Local agency' includes every county, city, town, municipal corporation, quasi-municipal corporation, or special purpose district, or any office, department, division, bureau, board, commission, or agency thereof, or other local public agency."

Limstrom's request for its 54 case files and the case file of *State v. Davis* because the documents within the files were either protected by the work product exception to the disclosure requirement, or were available through other agencies (such as the clerk's office). RCW 42.17.310(1)(j) exempts "[r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts." This exemption incorporates the work product doctrine as a "rule of pretrial discovery." *Dawson*, 120 Wn.2d at 790. "[W]hen documents are both relevant to a controversy, defined as completed, existing, or reasonably anticipated litigation, and protected under the work product rule, the exemption in RCW 42.17.310(1)(j) will apply." *Id.* at 791. "Work product" is a document containing the mental impressions, conclusions, opinions, or legal theories of opposing counsel. CrR 4.7(f)(1); CR 26(b)(4). The prosecutor contends that *Dawson* stands for the proposition that once any document is incorporated into a prosecutor's case file it becomes work product and the exemption applies. But the holding in *Dawson* is that two conditions must apply: (1) the document must be relevant to a controversy, and (2) it must be protected under the work product rule. CrR 4.7(f)(1)[2] clearly sets forth what is protected in the criminal arena as "work product." Thus, not everything that comes into the prosecutor's criminal file becomes "work product."

The record does not contain a complete description of the type of documents contained in the prosecuting attorney's files, but Limstrom stated that he expected to find "narrative police reports; field sobriety test reports; alcohol and drug arrest reports; offer sheets; criminal complaints; constitutional rights warnings; implied consent warnings; BAC tickets; citations; and the notes of

---

[2]CrR 4.7(f)(1) provides: "*Work Product.* Disclosure shall not be required of legal research or of records, correspondence, reports or memoranda to the extent that they contain the opinions, theories or conclusions or investigating or prosecuting agencies except as to material discoverable under subsection (a)(1)(iv)."

deputy prosecutors." The prosecutor's office denied Limstrom's request in total and did not identify any specific documents protected as work product. At trial, Limstrom stated that he had received through other sources all of the documents he wanted except the motions of other attorneys and the offer sheets. Limstrom also conceded at trial that a prosecutor's notes would clearly be work product and stated that he did not want these documents.

██ It was improper for the prosecutor's office to decline Limstrom's request in its entirety. "In general, the Public Records Act does not allow withholding of records in their entirety. Instead, agencies must parse individual records and must withhold only those portions which come under a specific exemption. Portions of records which do not come under a specific exemption must be disclosed." *Progressive Animal Welfare Soc'y,* 125 Wn.2d 243 at 261; see *also* RCW 42.17.310(2). The prosecutor's office claims that the entire criminal file is work product and thus exempt. This argument cannot stand. It cannot be denied that the prosecutor's files in these cases must have been composed of public records because the prosecutor defended on the theory that they were available elsewhere, and Limstrom was able to obtain almost all of the documents from other sources. Because the prosecutor's case files contained at least some documents that were public record, the prosecutor's office cannot claim that every document in the file was protected by the work product doctrine. Thus, their blanket denial was error.

It would have been appropriate for the trial court to conduct an in camera review of the documents in the files and make findings as to each record and whether it was excluded under the work product exception. *See Dawson,* 120 Wn.2d at 792. However, the trial court did not review the documents, finding only that the offer sheets were protected by work product and the rest were available through other agencies.

The trial court found that the offer sheets were work product. An offer sheet is a letter sent by the prosecutor's

office to the defendant that sets forth the charge, the maximum penalty, and the prosecutor's recommended sentence upon a guilty plea. Because these documents, by definition, are meant to be provided to defense attorneys, they are not work product that would not be discoverable by the opposing party. Thus, it was error to deny Limstrom's request as to these documents.

■■ The trial court also found that the other documents in the file were available by other sources, and thus that the request was properly denied as to these documents. But, "[t]he fact that the material may be available in other records is not a reason stated in the act for failure to disclose." *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 132, 580 P.2d 246 (1978). The prosecutor's office argues that because these documents would be available at less cost to the state through the clerk's office or other agencies, it was unreasonable to request it to produce the documents. There is no reasonableness requirement in the public disclosure act. The only exemptions to the disclosure requirement are those specifically included in the statute, and "the Public Records Act contains no general exemptions." *Progressive Animal Welfare Soc'y*, 125 Wn.2d at 258. Therefore, the disclosure request could not be denied based only on the fact that they are available through other public agencies.

The prosecutor's office also contends that the files were properly withheld under the Criminal Records Privacy Act, RCW 10.97.[3] The Criminal Records Privacy Act prevents retention and copying of nonconviction information. Because there was no review by the trial court, and because of the blanket claim of exemption, there is no way for us to review this claim. It is apparent that there

---

[3]RCW 10.97.080 provides in part:

"No person shall be allowed to retain or mechanically reproduce any nonconviction data except for the purpose of challenge or correction when the person who is the subject of the record asserts the belief in writing that the information regarding such person is inaccurate or incomplete. The provisions of chapter 42.17 RCW shall not be construed to require or authorize copying of nonconviction data for any other purpose."

was no attempt by the prosecutor's office to withhold only the nondiscloseable information or to have judicial review. Again, a blanket denial was improper.

## II

The prosecutor's office did not respond to Limstrom's request for the personnel file of Deputy Prosecutor Sunni Young Ko, but the trial court held that denial was appropriate because the documents are exempted under the statute. RCW 42.17.310(1)(b) provides that "[p]ersonal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy" are exempt from inspection. A person's right to privacy is violated "only if disclosure of information about the person: (1) Would be highly offensive to a reasonable person, and (2) is not of legitimate concern to the public." RCW 42.17.255.

 The specific request in this case was "*to inspect any and all documents in the personnel file . . . which concern any specific instances of misconduct.*" The first question is whether disclosure of documents describing specific instances of misconduct would be highly offensive to a reasonable person. "[T]he disclosure of the details of [an employee's] misconduct, while in the performance of his public duties, is not highly offensive." *Dawson*, 120 Wn.2d at 796 (citing *Cowles Publ'g Co. v. State Patrol*, 44 Wn. App. 882, 724 P.2d 379 (1986), *rev'd on other grounds by* 109 Wn.2d 712, 748 P.2d 597 (1988)). The second question is whether the agency has demonstrated that the documents are not of legitimate public concern. This part of the test loses its importance where the agency has failed to show that the disclosure is highly offensive, because whenever a public record is not highly offensive, "the public interest in disclosure" outweighs any individual privacy interest. *In re Request of Rosier*, 105 Wn.2d 606, 613-14, 717 P.2d 1353 (1986). However, in this case there is no doubt that the misconduct of a prosecutor in the perfor-

mance of her duties is a matter of legitimate public concern. *See Cowles,* 44 Wn. App. at 892-93. At appellate oral argument the prosecutor expressed dismay that there is not a definition of "misconduct." The problem with the prosecutor's argument is that he never made any response, not even a simple denial, as to whether there were any records evidencing misconduct. This is another area where a simple response and/or judicial in camera review would have resolved the issue. As far as this record shows, denial was error.

### III

██ ██ Limstrom requests attorney's fees on appeal pursuant to RCW 42.17.340(3), which provides attorney's fees and costs to "[a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record." This section mandates attorney's fees for the prevailing party both at the trial court and on appeal. *See, e.g., Progressive Animal Welfare Soc'y,* 114 Wn.2d at 690. Limstrom also requests a daily penalty assessment under RCW 42.17.340(4). Limstrom is entitled to inspection of the public records that he requested. We hold that Limstrom is entitled to an award under RCW 42.17.340(4); but we leave that amount to the discretion of the trial court, which must first determine when the demands were served on the prosecutor in the requests concerning Davis and Ko. We remand for a determination by the trial court of attorney's fees and costs, both at trial and on appeal, and for an award under RCW 42.17.340(4).

We reverse and remand.

MORGAN and ARMSTRONG, JJ., concur.

Review granted at 133 Wn.2d 1001 (1997).