[No. 23723-7-II. Division Two. December 22, 1999.]

OWEN S. LIMSTROM, *Appellant*, v. JOHN W. LADENBURG, *as Pierce County Prosecuting Attorney*, ET AL., *Respondents*.

*Owen Sherman Limstrom*, pro se.

*John W. Ladenburg, Prosecuting Attorney*; and *Kurt M. Bulmer*, for respondents.

SEINFELD, J. — Owen S. Limstrom appeals the dismissal of his lawsuit under the public disclosure act, RCW 42.17.340(2). He claims that the Pierce County Prosecutor should be subject to statutory penalties, attorney fees, and costs under RCW 42.17.340(4) for providing an unreasonable estimate of the time needed to produce certain documents. Because the record indicates that the prosecutor's 30-day estimate was reasonable, we affirm.

## FACTS

On February 3, 1998, Limstrom sent a public disclosure request to John Ladenburg, Pierce County Prosecuting Attorney (Prosecutor's Office). On February 6, the Prosecutor's Office responded with a letter acknowledging Limstrom's request and stating that it would need a reasonable time to respond. But the Prosecutor's Office also apparently approved the request, stating that it anticipated "being able to provide the requested documents within thirty (30 days)."

Limstrom replied with a letter on February 9 wherein he stated he had no problem with the Prosecutor's Office taking longer than five days to gather the requested information. But he expressed his concern that the Prosecutor's

Office would refuse his request at the end of the 30 days; consequently, he asked for an explanation as to why it would take 30 days to respond. Limstrom demanded a reply by the next day.

The next day, February 10, Limstrom sent another letter to the Prosecutor's Office complaining about its failure to respond to his February 9 letter and stating his intention to file suit. On February 11, Limstrom filed a "Complaint to Compel a More Definite Response to Public Disclosure Request and Compel Public Disclosure" with the superior court.

Soon thereafter, the Prosecutor's Office filed a CR 12(b)(6) motion, and it provided Limstrom the requested documents on February 18. At a February 20 hearing, the trial court noted that Limstrom had already received the documents; thus, it dismissed the suit. Its subsequent formal order of dismissal with prejudice provided that neither party was entitled to costs. Limstrom appeals.

### Discussion

■ Although the trial court dismissed Limstrom's claim in response to a CR 12(b)(6) motion, it considered the entire case file and based its ruling primarily on Limstrom's admission that he had received the requested documents two days before the hearing. Because the trial court considered facts not contained in the pleadings, we treat the matter as a summary judgment motion. *Mueller v. Miller*, 82 Wn. App. 236, 246, 917 P.2d 604 (1996).

■ Under summary judgment analysis, the appellate court engages in the same inquiry as the trial court: "[I]t views the pleadings and affidavits in the file, and all reasonable inferences therefrom, in the light most favorable to the nonmoving party, and it grants judgment when no material issue of fact exists and the moving party is entitled to judgment as a matter of law." *Mueller*, 82 Wn. App. at 246-47 (citing CR 56(c); *Wilkerson v. Wegner*, 58 Wn. App. 404, 408, 793 P.2d 983 (1990) (citing *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982))).

Here, the material facts are not in dispute: (1) the Prosecutor's Office responded to Limstrom's request within 3 days with approval and an estimate that it could provide the documents "within 30 days"; (2) Limstrom said he had no problem with the Prosecutor's Office taking longer than 5 days to produce the documents; (3) Limstrom expressed a concern that the Prosecutor's Office would deny his request after 30 days; and (4) Limstrom received the documents 15 days after he made his request.

Notwithstanding the positive response of the Prosecutor's Office and its timely production of the documents, Limstrom, relying on RCW 42.17.340(2),[1] asks this court to reverse the order of dismissal and remand for trial on the issue of whether the "within 30 days" estimate was reasonable. The essence of Limstrom's claim is that because the Prosecutor's Office was able to comply with his request in only 15 days, it was unreasonable to give a 30-day estimate. Thus, according to Limstrom, the Prosecutor's Office should be subject to statutory penalties, attorney fees, and costs under RCW 42.17.340(4).

 This argument turns on the proper interpretation of RCW 42.17.340(2). In interpreting a statute, we conduct a de novo review. *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 515, 910 P.2d 462 (1996); *Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 627, 869 P.2d 1034 (1994). We will interpret the statute so as to ascertain and give effect to legislative intent. *City of Redmond v. Central Puget Sound Growth Management Hearings Bd.*, 136 Wn.2d 38, 52, 959 P.2d 1091 (1998).

Under the public disclosure act, the government agency receiving a request for public records must respond within five business days by either (1) providing the records, (2) acknowledging receipt of the request and providing a rea-

---

[1] RCW 42.17.340(2) states: "Upon the motion of any person who believes that an agency has not made a reasonable estimate of the time that the agency requires to respond to a public record request, the superior court in the county in which a record is maintained may require the responsible agency to show that the estimate it provided is reasonable. The burden of proof shall be on the agency to show that the estimate it provided is reasonable."

sonable estimate of the time needed to respond to the request, or (3) denying the request. RCW 42.17.320.[2] If the requester believes that the agency has not made a reasonable estimate of the time needed to respond to the request, the superior court, on motion of the requester, may require the agency to show that its estimate is reasonable. RCW 42.17.340(2). If the requester prevails in "any action in the courts seeking . . . the right to receive a response to a public record request within a reasonable amount of time [the requester] shall be awarded all costs, including reasonable attorney fees." RCW 42.17.340(4).[3]

A basic policy of RCW 42.17 is to protect the public interest in "free and open examination of public records." RCW 42.17.340(3). Thus, government agencies have a duty to respond promptly to disclosure requests. RCW 42.17.320. One means of enforcing this duty is the requester's right to bring a motion when that requester believes the agency has not given a reasonable estimate as to when it will respond to the request. RCW 42.17.340(2). Then, the trial court, in its discretion, may require the agency to justify its

[2]RCW 42.17.320 states in pertinent part: "Responses to requests for public records shall be made promptly by agencies, the office of the secretary of the senate, and the office of the chief clerk of the house of representatives. Within five business days of receiving a public record request, an agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives must respond by either (1) providing the record; (2) acknowledging that the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives has received the request and providing a reasonable estimate of the time the agency, the office of the secretary of the senate, or the office of the chief clerk of the house of representatives will require to respond to the request; or (3) denying the public record request."

[3]RCW 42.17.340(4) states:

Any person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record.

Limstrom also seeks the $5-$100 per diem sanction available under this statute. But because the Prosecutor's Office never denied Limstrom his right to receive the documents, the sanction does not apply here.

estimate. RCW 42.17.340(2); *see generally Amren v. City of Kalama*, 131 Wn.2d 25, 35 n.8, 929 P.2d 389 (1997) (noting that "may" is a discretionary term).

Here, Limstrom asserts that RCW 42.17.340(2) allows him to recover statutory penalties and fees from the Prosecutor's Office for giving him an estimate of 30 days when, in fact, it produced the requested documents in only 15 days. For reasons explained below, we find that allowing Limstrom to prevail on such a theory would be an untenable application of RCW 42.17.340(2). *See Fray v. Spokane County*, 134 Wn.2d 637, 648, 952 P.2d 601 (1998) (reviewing court should interpret statute to avoid absurd or strained results).

First, contrary to Limstrom's assertions, the record contains no evidence that he had to file suit to compel production of the documents. *See Coalition on Government Spying v. King County Dep't of Pub. Safety*, 59 Wn. App. 856, 862, 801 P.2d 1009 (1990) (holding that agency could not avoid attorney fees by disclosing documents after requester forced to file suit). And this is clearly not a case of an agency fighting to prevent disclosure. *See Limstrom v. Ladenburg*, 136 Wn.2d 595, 602, 963 P.2d 869 (1998) (prosecutor's office refused disclosure on the basis of work product exemption). Nor does the record indicate obstinacy on the part of the Prosecutor's Office. *See id.* at 618-19 (Dolliver, J., dissenting).

Second, in his February 9 letter, Limstrom stated that his main worry was that the Prosecutor's Office would deny his request after 30 days. But the Prosecutor's Office never indicated that the documents were not forthcoming; the only uncertainty was the time it would take to produce them. Despite Limstrom's assurances that it was acceptable for the Prosecutor's Office to take more than five days to produce the documents, he did not give it an opportunity to perform. Instead, he filed suit a mere two days after sending his response to the 30-day letter.

Third, Limstrom's only evidence that the "within 30 days" estimate was unreasonable was the fact that he

received the documents in 15 days. If a requester could prove the unreasonableness of an estimate merely by showing that the agency performed more quickly than the estimate, this would encourage agencies to match the performance date to the estimate date, even where this involved unnecessarily delaying delivery of the requested public documents. This outcome clearly would be contrary to the stated legislative mandate requiring agencies to respond promptly to disclosure requests. RCW 42.17.340(3). Agencies should be congratulated, not condemned, for early performance.

Under the circumstances here, viewing the record in the light most favorable to Limstrom, we conclude that there is no material issue of fact as to the reasonableness of the 30-day estimate and we further conclude that the Prosecutor's Office was entitled to a judgment dismissing this action as a matter of law. Consequently, we affirm.

BRIDGEWATER, C.J., and HUNT, J., concur.

Reconsideration denied January 21, 2000.

Review denied at 141 Wn.2d 1004 (2000).