[No. 18539-7-III.  Division Three.  October 12, 2000.]

LOIS M. WOOD, *Appellant*, v. STEVEN M. LOWE, *as Franklin County Prosecutor, Respondent*.

---

*Craig Stilwill*, for appellant.

*Christopher J. Mertens* and *Bruce A. Spanner* (of *Miller, Mertens & Spanner, P.L.L.C.*), for respondent.

BROWN, J. — Today we decide whether the trial court properly denied Lois Wood's request for attorney fees, costs and sanctions for the denial of an alleged public records request under the public disclosure act, chapter 42.17 RCW (PDA). The trial court concluded the letter demanding information and documents related to her impending termination was ambiguous as to whether it was a public records request under the PDA or a personnel action under chapter 49.12 RCW. We agree and accordingly, we affirm.

## FACTS

On April 2, 1999, Lois Wood, an attorney/employee of the Franklin County Prosecutor's Office, received a letter placing her on administrative leave and informing her she would be terminated on June 2 if she did not resign earlier. On April 13, Ms. Wood, through her attorney, wrote to Steve Lowe, the Franklin County Prosecuting Attorney, requesting her personnel file. The letter stated in part:

We are requesting that you clarify [Ms. Wood's] status with

your office. If there is a basis for her termination, we demand that you provide us with written evidence immediately. In that regard, enclosed is a release of information signed by Ms. Wood, please provide us with a full copy of her personnel file and any other information or documentation that you may have in your custody or under your control that relates to Ms. Wood and her past and current employment with your office and the Prosecutor's Office in general.

The letter, hand-delivered on April 14, included Ms. Wood's authorization to provide "all records, opinions, photostatic copies, abstracts or excerpts of any records or any other information or document" to her attorney. Neither the letter nor the authorization indicated that Ms. Wood was making the request pursuant to the public records portion of the PDA, RCW 42.17.250-.348.

Mr. Lowe's attorney, Christopher Mertens, indicated by affidavit that neither he nor Mr. Lowe knew Ms. Wood was making a public records request. Mr. Mertens had surgery on April 16, and did not receive Ms. Wood's letter until April 21. Mr. Mertens believed the letter, including a waiver of privileges, indicated a request for Ms. Wood's personnel file under RCW 49.12.250. Under RCW 49.12.250(1), an employer must provide an employee with access to his or her personnel file "within a reasonable period of time" of the employee's request. This provision contrasts with the PDA, which requires an agency to "respond" within five business days of receiving a request for public records. RCW 42.17-.320.

Ms. Wood took no further action on her April 13 letter until April 26, when she filed an ex parte motion pursuant to the PDA to show cause why Mr. Lowe had not produced the requested documents. Ms. Wood further sought attorney fees, costs, and statutory penalties against Mr. Lowe, as provided for in RCW 42.17.340(4). The superior court issued the show cause order on April 26.

The first time that Mr. Lowe and his attorney indicated they became aware Ms. Wood was making a PDA request was when they received the court's show cause order. On

April 27, Mr. Lowe, through his attorney, made the file available to Ms. Wood. On May 3, after a telephonic hearing, the court denied Ms. Wood's claim for attorney fees, costs and sanctions under the PDA. In essence, the court reasoned Ms. Wood's request was ambiguous, as it was not clear her request was pursuant to the PDA, rather than a less time-sensitive personnel request under RCW 49.12.250. Ms. Wood unsuccessfully moved for reconsideration, then appealed.

## ANALYSIS

■ The issue is whether the trial court erred when denying Ms. Wood's request for attorney fees, costs and sanctions under the PDA and concluding her letter was ambiguous as to whether it was a public disclosure request under chapter 42.17 RCW or a personnel file request under chapter 49.12 RCW.

Review is de novo. RCW 42.17.340(3). "[T]he appellate court stands in the same position as the trial court where the record consists only of affidavits, memoranda of law, and other documentary evidence." *Progressive Animal Welfare Soc'y v. University of Wash.*, 125 Wn.2d 243, 252, 884 P.2d 592 (1994) (*PAWS II*).

The PDA is a "strongly worded mandate for broad disclosure of public records." *PAWS II*, 125 Wn.2d at 251 (quoting *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). Courts should liberally construe the PDA to promote full access to public records and should narrowly construe its exemptions. RCW 42.17.251.

■ Under the PDA, all state and local agencies must disclose any public record upon request unless the record falls under a statutory exemption. RCW 42.17.260(1); *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 682-83, 790 P.2d 604 (1990) (*PAWS I*) (agencies have a "positive duty" to disclose public records unless they fall within an exception). However, the PDA "only applies when public records have been requested. In other words,

public disclosure is not necessary until and unless there has been a specific request for records." *Bonamy v. City of Seattle*, 92 Wn. App. 403, 409, 960 P.2d 447 (1998), *review denied*, 137 Wn.2d 1012 (1999).

When a governmental agency receives a request for public records, it is required to respond within five business days by (1) providing the records; (2) acknowledging that the agency has received the request and providing a reasonable estimate of the time the agency requires to respond; or (3) denying the public record request. RCW 42.17.320. Failure to respond within five days is a violation of the PDA triggering statutory sanctions. RCW 42.17.340; *Smith v. Okanogan County*, 100 Wn. App. 7, 20, 994 P.2d 857 (2000). A requesting party may file a show cause order when it believes the agency has not complied with the PDA. RCW 42.17.340(1), (2).

■ If the requesting party prevails in any action seeking the right to inspect or copy a public record or the right to receive a response to the request in a reasonable time, that party shall be awarded all costs, including reasonable attorney fees. RCW 42.17.340(4). Generally, a prevailing party " 'is the one who has an affirmative judgment rendered in his favor at the conclusion of the entire case.' " *PAWS* I, 114 Wn.2d at 684 (quoting *Tacoma News, Inc. v. Tacoma-Pierce County Health Dep't*, 55 Wn. App. 515, 525, 778 P.2d 1066 (1989)). A party also prevails when its " 'prosecution of the action could reasonably be regarded as necessary to obtain the information,' and 'the existence of the lawsuit had a causative effect on the release of the information.' " *Coalition on Gov't Spying v. King County Dep't of Pub. Safety*, 59 Wn. App. 856, 864, 801 P.2d 1009 (1990) (quoting *Miller v. United States Dep't of State*, 779 F.2d 1378, 1389 (8th Cir. 1985)).

Additionally, courts have the discretion to award a requesting party "an amount not less than five dollars and not to exceed one hundred dollars for each day that he was denied the right to inspect or copy said public record." RCW 42.17.340(4). This award is a penalty with the purpose of

enforcing the strong public policies underlying the PDA. *Amren v. City of Kalama*, 131 Wn.2d 25, 35-36, 929 P.2d 389 (1997). The award is not dependent on an agency's good or bad faith. *Id.*at 36-37.

■ Initially, we note Mr. Lowe partly argues Ms. Wood's personnel records were exempt from disclosure under RCW 42.17.310(1)(b). This claim was not raised before the superior court. Therefore, we decline to address it for the first time on appeal. RAP 2.5(a); *Lindberg v. Kitsap County*, 133 Wn.2d 729, 746, 948 P.2d 805 (1997).

Here, the determinative issue is whether Ms. Wood's letter constituted a public records request triggering the five-day response deadline set forth under RCW 42.17.320.

The trial court, relying on *Bonamy*, reasoned that Ms. Wood's letter was not a public records request because it was ambiguous and failed to make specific reference to the PDA. But the *Bonamy* court did not deny the requester's PDA claim on that theory; rather, the court based its decision on the requester's failure to request a public record at all. *See Bonamy*, 92 Wn. App. at 409-12.

■ Mindful of the PDA's broad mandate favoring disclosure, we will not require a requester to specifically cite the act. *See PAWS I*, 114 Wn.2d at 685-86 (rejecting argument PDA required requester to negotiate with agency). We fear such a requirement may raise a hypertechnical barrier behind which agencies can justify denial of otherwise legitimate requests for public records.

■ But, in a general sense, *Bonamy* supports the proposition that the person requesting documents from an agency state the request with sufficient clarity to give the agency fair notice that it had received a request for a public record. In this connection, the PDA requires the requester to ask for "identifiable public records." *Bonamy*, 92 Wn. App. at 410. An identifiable public record is one in which the requester has given " 'a reasonable description enabling the government employee to locate the requested records.' " *Bonamy*, 92 Wn. App. at 410 (quoting *Bristol-Myers Co. v. Federal Trade Comm'n*, 424 F.2d 935, 938 (D.C. Cir. 1970)).

Here, Ms. Wood requested three things: (1) a copy of her personnel file; and (2) "any other information" or (3) "documentation" related to Ms. Wood's employment or the prosecutor's office generally. We can quickly dispose of the second and third requests.

■ First, Ms. Wood's request for "information" is not a request for an "identifiable public record." *Bonamy*, 92 Wn. App. at 411-12. Second, her request for "documentation" lacks any meaningful description helpful for the person charged with finding the record. *See Bonamy*, 92 Wn. App. at 411 (reasoning request "for general policy guidelines" too broad). Consequently, both requests fall outside the scope of the PDA and thus do not require a five-day response under RCW 42.17.320. *Bonamy*, 92 Wn. App. at 412.

■ By contrast, Ms. Wood's request for her personnel file has potential PDA implications. Ordinarily, a request for documents within a public employee's personnel file falls within the scope of the PDA. *See generally, Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 995 (1993) (prosecutor); *Tacoma Pub. Library v. Woessner*, 90 Wn. App. 205, 951 P.2d 357, *remanded on other grounds*, 136 Wn.2d 1030, 972 P.2d 101 (1998) (library employees); *Limstrom v. Ladenburg*, 85 Wn. App. 524, 933 P.2d 1055 (1997), *remanded on other grounds*, 136 Wn.2d 595, 963 P.2d 869 (1998) (prosecutor); *Ollie v. Highland Sch. Dist. No. 203*, 50 Wn. App. 639, 749 P.2d 757 (1988) (school district employees).

But a personnel file is not necessarily a public record; the focus is not on how the file is labeled but on the information within the file. *Woessner*, 90 Wn. App. at 217. Thus, a prosecutor's personnel file may contain public records, which may, or may not, be subject to public disclosure. *Compare Dawson*, 120 Wn.2d at 789, 800 (holding prosecutor's performance evaluations were public records but subject to statutory exemption because they "do not discuss specific instances of misconduct or public job performance") *with Limstrom*, 85 Wn. App. at 533-34 (holding PDA permits disclosure of prosecutor's personnel documents if

they relate to alleged misconduct while in the performance of public duties).

In the cases cited above, the requesters were members of the public seeking information about agency employees, *Dawson*, 120 Wn.2d at 787 (expert witness requesting prosecutor's files); *Limstrom*, 85 Wn. App. at 527 (private attorney seeking prosecutor's personnel records); *Ollie*, 50 Wn. App. at 640-41 (discharged employee requesting records pertaining to other employees), or agency employees seeking information about other agency employees, *Woessner*, 90 Wn. App. at 210 (requester was agency employee acting in capacity of union representative). These requests triggered the five-day response deadline. RCW 42.17.320. And, these requests also triggered privacy concerns on the part of the employees whose records were subject to the requests. *See, e.g.*, RCW 42.17.255; RCW 42.17.310(1)(b); *Dawson*, 120 Wn.2d at 794-95.

But here, Ms. Wood was neither an outsider seeking records on agency employees nor an agency employee seeking information on her colleagues; rather, she was a current, but soon-to-be-terminated, employee seeking access to her file to find out why she was being forced out of her job. And, she authorized release of generally privileged information to effectuate that purpose. Consequently, Ms. Wood's general request for her personnel file was not a request for an identifiable public record as contemplated under the PDA. *Dawson*, 120 Wn.2d at 789; *Bonamy*, 92 Wn. App. at 412.

■ ■ Moreover, the trial court correctly noted the ambiguity in Ms. Wood's blanket letter; her request could be reasonably interpreted as falling under chapter 49.12 RCW. RCW 49.12.250(1) requires an employer to provide its employee with access to his or her personnel file "within a reasonable period of time" after the employee requests the file.

Here, Ms. Wood had an unconditional right to access her personnel file. RCW 49.12.250. Consequently, the real concern was not *whether* Ms. Wood could access her file but

*when* she could do so. *See Limstrom v. Ladenburg*, 98 Wn. App. 612, 617, 989 P.2d 1257 (1999), *review denied*, 141 Wn.2d 1004 (2000) (noting, that contrary to requester's allegation, agency "never indicated that the documents were not forthcoming; the only uncertainty was the time it would take to produce them").

In this connection, Ms. Wood correctly points out that RCW 49.12.250(1) does not specifically state that the employer will provide copies of files. But that point is moot as Mr. Lowe provided the documents anyway.

Certainly, if someone other than Ms. Wood had demanded to see her personnel file, Mr. Lowe would have had to respond within five days with either the requested record, an acknowledgment of the request with a reasonable estimate of the time needed to make a final response, or an outright denial of the request with an explanation of the reasons therefore. RCW 42.17.320. The three optional responses are needed in light of the vast array of records subject to request. The quick response is necessary so the requesters will not think they are being led along only to have their requests ultimately denied.

But these policy concerns are not present here; there is no question Ms. Wood could access her personnel files. RCW 49.12.250. Consequently, the prompt "response" options of RCW 42.17.320 do not apply absent clear notice that the requester was seeking an identifiable public record. *See Bonamy v. City of Seattle*, 92 Wn. App. 403, 409-12, 960 P.2d 447 (1998), *review denied*, 137 Wn.2d 1012 (1999).

Given the ambiguous nature of Ms. Wood's letter, Mr. Lowe would not have been in error in thinking she had made a request under chapter 49.12 RCW. Further, the verbatim record from the telephonic hearing indicates that Ms. Wood may have written her letter with RCW 49.12.250 in mind and then, nearly two weeks later, resorted to the PDA show cause motion to compel production of the file. We do not think it a fair application of the PDA to require Mr. Lowe to pay statutory costs and fees for failure to respond

in five days to a letter that did not appear to be a public records request.

In any event, we do not see how Ms. Wood can in earnest contend she prevailed. Although the show cause order apparently prompted immediate production of the requested file, there is no evidence resorting to judicial action was really necessary to obtain the documents; we have no reason to disbelieve Mr. Lowe's claim that a simple phone call would have resolved the confusion. *See Limstrom*, 98 Wn. App. at 617 (noting lack of evidence agency fought to prevent disclosure or was otherwise obstinate). Further, the trial court did not rule in Ms. Wood's favor and correctly noted that her ambiguous letter was not a proper records request under the PDA.

In sum, we conclude that Ms. Wood's letter was ambiguous and failed to adequately notify Mr. Lowe that she was making a public record request. In light of the factual context and the language used in the requesting letter, Mr. Lowe reasonably believed Ms. Wood's request fell under RCW 49.12.250(1). We hold, under the facts of this case, the trial court properly determined an award of costs and fees under RCW 42.17.340 would not be warranted.

Affirmed.

KURTZ, C.J., and SCHULTHEIS, J., concur.