39 P.3d 351 (2002)
110 Wash.App. 133
Owen S. LIMSTROM, Respondent,
v.
John W. LADENBURG, in his capacity as Pierce County Prosecuting Attorney, and Pierce County, a political subdivision of the State of Washington, Appellant.
No. 25404-2-II.
Court of Appeals of Washington, Division 2.
February 1, 2002.
As Amended February 15, 2002.
*352 Drew Ann Patricia Henke, Pierce Co. Deputy Pros. Atty., for Appellant.
Owen Sherman Limstrom, Law Office of Owen S. Limstrom, Tacoma, for Respondent.
HUNT, A.C.J.
Pierce County Prosecutor John W. Ladenburg (Prosecutor) appeals a court order requiring him to disclose fact-gathering materials from criminal litigation files to Owen S. Limstrom under the public records act, RCW 42.17.250-340. Limstrom sought these materials for use in gathering information about one particular officer's DUI investigations, not for use in preparing a defense in a criminal case. The Prosecutor argues that the State does not waive work product protection of documents that he provides to opposing counsel as CrR 4.7 mandatory discovery in a criminal case. We agree and reverse.

FACTS

I. FIRST APPEAL
In May 1995, Limstrom, an attorney acting on his own behalf, sought to inspect the Prosecutor's litigation files for driving-under-the-influence (DUI) cases investigated by Pierce County Sheriff's Deputy Eugene Allen. Limstrom initially requested all of Allen's misdemeanor DUI files for offenses that had occurred between February and May 1994; Limstrom specifically identified and requested 54 files. The Prosecutor denied the request, claiming that these criminal litigation files were work product, exempt from disclosure under the Public Disclosure Act (the Act), RCW 42.17.310(1)(j), and the Criminal Records Privacy Act, RCW 10.97, with the exception of charging documents, which are available to the public in the court clerk's office.[1]
Limstrom sued to compel disclosure. The trial court denied the motion because the documents Limstrom sought were either the Prosecutor's work product or available from other sources. Limstrom appealed. We reversed. *353 Limstrom v. Ladenburg, 85 Wash. App. 524, 933 P.2d 1055, review granted, 133 Wash.2d 1001, 943 P.2d 662 (1997).
The Washington Supreme Court subsequently held:
With respect to the factual documents gathered by the prosecutor and which Limstrom had already received from other sources prior to the trial court's ruling, we hold the documents are part of the prosecutor's fact-gathering process and are work product. Consequently, these documents are protected from disclosure unless Mr. Limstrom is able to demonstrate a substantial need and an inability to obtain the documents from other sources. It appears that because the documents were obtained by Mr. Limstrom from other agencies, he is unable to demonstrate an inability to obtain the records from other sources without undue hardship.
Limstrom v. Ladenburg, 136 Wash.2d 595, 614-15, 963 P.2d 869 (1998) (emphasis added).
Ruling, however, that "offer sheets" might constitute work product, the Supreme Court remanded to the trial court for an in camera review of the plea offer sheets and other documents that might be characterized as "fact-gathering."[2]Limstrom, 136 Wash.2d at 614-15, 963 P.2d 869.

II. REMAND
On remand, the Prosecutor initially submitted only the plea offer sheets for the trial court to review. The trial court then ordered the Prosecutor to produce all the requested files, which it then reviewed in camera. The trial court organized the documents into several batches, according to the following issues:
First, should the documents in the provided files, which have been withheld from disclosure for one of six reasons, be ordered disclosed.
Second, what qualifies as exempt work product under RCW 42.17.310(l)(j) and Limstrom v. Ladenburg, 136 Wash.2d 595, 963 P.2d 869 (1998).
Third, does material originally qualifying as work product lose that protected status through a waiver when there is publication of the material to others.
Fourth, if the Offer Sheets are not exempt from disclosure as individual documents, may they nevertheless be withheld if in aggregate they disclose a work product or strategy that is not revealed when looked at singularly.
Fifth, should the files not disclosed, and alleged to be lost, be ordered retrieved, or, at least some further effort at retrieval be made.
Clerk's Papers at 216-17. The trial court then divided the documents into six categories, A-F:
AFactual documents gathered by defendants which the plaintiff already has from other sources.
BMotions, Orders and other documents readily available from the clerk and which the defendants have already provided in full to the plaintiff.
CFactual documents gathered by defendants or their representatives which are withheld as work product until plaintiff makes a further showing regarding substantial need and inability to otherwise obtain information without undue hardship.
DOffer Sheets which defendants claim count as exempt work product.
EDocuments withheld pursuant to the protection of RCW 10.97.080.
FDocuments withheld for reasons other than the above five reasons given.
Clerk's Papers at 218-227.
The trial court ruled initially that the plea offer sheets and the fact-finding materials were attorney work product, ordinarily exempt from disclosure under the Criminal Records Privacy Act. Referencing these six categories, the trial court ordered the Prosecutor to:

*354 AMake no further disclosure absent further showings by the plaintiff;
BMake no further disclosure since all have been disclosed;
CMake no further disclosure absent further showings by the plaintiff but allow viewing where appropriate ...
DProduce and disclose all immediately;

EMake no further disclosure absent further showing by the plaintiff; and,
FMake immediate disclosure of all work product published to adversaries or third parties, but no further disclosure of category one work product not published and no further disclosure of category three work product absent further showings by the plaintiff.
Clerk's Papers at 231-232 (emphasis added). Granting Limstrom's motion for partial reconsideration, the trial court also ordered disclosure of fact-gathering documents such as police reports (Category A), thus altering its earlier ruling with respect to Categories A and F. The trial court reasoned that the Prosecutor had waived any work product privilege by providing such material in discovery to defense attorneys in criminal cases under CrR 4.7.

III. SECOND APPEAL
The Prosecutor appealed. At oral argument,[3] he acknowledged that he no longer opposed providing the plea offer sheets to Limstrom, who already had them in his possession. Thus, the focus of this appeal is on the fact-gathering documents that the trial court ordered disclosed (Category A), even though available from other sources and apparently already in Limstrom's possession.
Aside from the plea offer sheets, the record designated on appeal did not include the documents that the trial court examined in camera on remand from the Supreme Court. Therefore, we ordered the Prosecutor to supplement the record with those files and documents. We received 43 files on December 7, 2001.

ANALYSIS

I. MOOTNESS
The parties concede that (1) Limstrom already has in his possession all the documents he requested, whether from the Prosecutor or other sources; and (2) the plea offer sheets are disclosable under the Act, Limstrom has them, and they are no longer in issue. Thus, this appeal is technically moot.
Nonetheless, because the issue is one of public importance that may reoccur, we consider the merits. See Dunner v. McLaughlin, 100 Wash.2d 832, 838, 676 P.2d 444 (1984).

II. WORK PRODUCT NOT SUBJECT TO PUBLIC RECORDS ACT DISCLOSURE
In the parties' previous appeal, the Washington Supreme Court considered whether criminal litigation files, created and held by a public agency's attorney, are subject to disclosure under the Act, RCW 42.17.250-348 (the Act).[4]Limstrom v. Ladenburg, 136 Wash.2d at 603, 963 P.2d 869. The parties *355 here do not dispute that the Prosecutor's Office is an "agency" under the Act, RCW 42.17.020(1),[5] or that the Prosecutor's files are public records, RCW 42.17.020(36).[6] They agree that the Prosecutor has a positive duty to disclose public records upon request,[7] unless a specific exemption applies.[8]Dawson, 120 Wash.2d at 789, 845 P.2d 995. They disagree as to whether an exemption applies here.
Thus, the issue in this appeal is whether CR 26 work product loses its protected status (exemption from disclosure under the Act) when a prosecutor provides such material to individual defense attorneys under CrR 4.7 as required discovery in criminal cases. The answer is no.

A. STANDARD AND SCOPE OF REVIEW
We review de novo "a trial court's order based solely on documentary evidence, affidavits and memoranda of law." Limstrom, 136 Wash.2d at 612, 963 P.2d 869. In its opinion remanding to the trial court to determine what documents the Prosecutor must disclose under the Act, the Supreme Court noted: (1) The "factual documents gathered by the prosecutor" are work product, "protected from disclosure unless Mr. Limstrom is able to demonstrate a substantial need and an inability to obtain the documents from other sources";[9] (2) because Limstrom had already obtained these documents from other sources, he could not demonstrate "undue hardship" from the Prosecutor's refusal to disclose; and thus, (3) the Prosecutor was not required to disclose prosecutor-gathered factual documents to Limstrom. Limstrom, 136 Wash.2d at 612, 614-15, 963 P.2d 869.

B. WORK PRODUCT
As the Supreme Court held in Limstrom, work product materials are an exception *356 to the duty to disclose public records under the Act. Work product protection from disclosure is designed to keep a party's trial preparation materials away from adversaries. Developments in the LawDiscovery, 74 HARV. L.REV. 940 (1961). The Supreme Court has underscored both the importance and scope of this doctrine:
[T]he general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order.
[Hickman v. Taylor,] 329 U.S. [495] 510-12 [67 S.Ct. 385, 91 L.Ed. 451 (1947)].
CR 26(b)(4) provides, in pertinent part:
[A] party may obtain discovery of documents and tangible things otherwise discoverable... and prepared in anticipation of litigation ... only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means....

Limstrom, 136 Wash.2d at 610-11, 963 P.2d 869 (emphasis added). Here, the Supreme Court has already ruled that Limstrom did not face such hardship because he obtained the desired materials elsewhere.[10] Thus, the Act did not require the Prosecutor to disclose work product materials.
But this conclusion does not resolve the issue of work product waiver, the grounds upon which the trial court ordered the Prosecutor to disclose fact-gathering materials that the Supreme Court had already ruled were protected work product.

III. WAIVER
On remand, the trial court ordered the Prosecutor to disclose work product materialspolice reports, field sobriety tests, and investigator reports, reasoning that the Prosecutor had waived the work product protection when it produced the materials for discovery to defense counsel in individual DUI cases under CrR 4.7.[11]
The Supreme Court did not address this waiver issue.[12] Neither party has produced any Washington law on this specific point, and we have found none. Thus, we confront an issue of first impression in this state: Does a prosecutor's disclosure of fact-gathering documents from its criminal litigation files to criminal defense attorneys, as required by CrR 4.7, waive the work product exemption as to other attorneys and parties outside a particular criminal case? We answer no.

A. EXEMPTION FROM DISCLOSURE
[T]he public records act, RCW 42.17.310(1)(j). RCW 42.17.310(1)(j) exempts from public inspection and copying *357 [r]ecords which are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts.
Limstrom, 136 Wash.2d at 605, 963 P.2d 869 (footnote omitted). The Supreme Court held that this exemption from disclosure includes the work product of an agency's attorney. Limstrom, 136 Wash.2d at 605, 963 P.2d 869.
The Prosecutor argued and the Supreme Court agreed that CR 26, which governs discovery in civil cases, applies to public records act requests for information from an agency's litigation files. Limstrom, 136 Wash.2d at 605, 963 P.2d 869. The Supreme Court determined that CR 26(b)(4), based on common law work product protection, includes within the definition of work product, factual information collected by an attorney and the attorney's legal research, theories, opinions, and conclusions.[13]Limstrom, 136 Wash.2d at 606, 963 P.2d 869 (citing Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451). Moreover, because a request to inspect or to copy records is in the nature of a civil action, an agency or court might reasonably interpret RCW 42.17.310(1)(j) to mean that the civil discovery rules apply to such a request. Limstrom, 136 Wash.2d at 606, 963 P.2d 869.

B. MANDATORY DISCOVERY IN CRIMINAL CASES
Absent Washington case law on waiver of work product immunity, we look to other jurisdictions. As the trial court acknowledged, generally, a party can waive the attorney work product privilege as a result of its own actions. United States v. Nobles, 422 U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). If a party discloses documents to other persons with the intention that an adversary can see the documents, waiver generally results. In re Doe, 662 F.2d 1073, 1079 (4th Cir.1981).
Nonetheless, disclosure of some documents does not ordinarily waive work product protection as to other documents of the same character. C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE, ch. 8 § 2024 at 367 (1994). Waiver does not extend "where there has only been inadvertent or partial disclosure in response to specific inquiries, in which no testimonial use has been made of the work-product." Chubb Integrated Sys. Ltd., 103 F.R.D. at 64, n. 3. And we have found no case holding that a prosecutor's mandatory duty to provide discovery in criminal cases operates as waiver of work product protection of those same documents as to requests for their production outside a specific criminal case.
Limstrom argues that the Prosecutor waived his work product protection for any document that he has provided to an adversary in a criminal case under CrR 4.7. Resp't Mot. for Reconsideration at 3. The trial court agreed, stating, "[I]t is undisputed, and in fact the form [the offer sheet] is specifically designed to be published to opposing counsel." Clerk's Papers at 224. The Prosecutor argues that the trial court erred in extending this reasoning to order disclosure of fact-gathering material. We agree with the Prosecutor.
The Prosecutor's Office routinely provides discovery material to opposing counsel in criminal cases as required by CrR 4.7.[14] The Prosecutor's Office has no discretion over such criminal discovery. As a safeguard, however, CrR 4.7(h)(3) expressly limits use of the disclosed materials: The *358 rule requires that the disclosed materials "remain in the exclusive custody of the attorney...."[15]

C. CRR 4.7 DISCOVERY DOES NOT WAIVE WORK PRODUCT EXEMPTION UNDER

THE ACT
The Prosecutor previously disclosed the fact-gathering materials in question,[16] listed in Category A, to defense lawyers under the mandate of CrR 4.7(a)(1)(i). For this reason, the trial court here ordered the Prosecutor to release acknowledged fact-gathering documents to Limstrom, even though the Supreme Court had held that such documents were protected work product, exempt from the public records act. Limstrom, 136 Wash.2d at 611-12, 963 P.2d 869.
The trial court's ruling also controverted the Supreme Court's holding that (1) the rules of criminal procedure do not apply to work product requests for disclosure under the Act; (2) rather, the civil pretrial discovery rules apply, namely CR 26;[17] (3) application of CR 26 here would require Limstrom to demonstrate substantial need and an inability, without undue hardship, to obtain the documents or items from another source; which (4) Limstrom cannot demonstrate because he has already obtained the materials from other sources. Limstrom, 136 Wash.2d at 609, 963 P.2d 869.
We hold that the trial court erred in ordering the Prosecutor to disclose "other" fact-gathering materials[18] to Limstrom, documents that Limstrom had already obtained from other sources, thus, demonstrating no undue hardship or need. Second, even if Limstrom could have established a need for the Prosecutor to produce these materials, they were not automatically disclosable under the Act simply by virtue of the Prosecutor's having provided them to defense counsel as CrR 4.7 discovery in individual criminal cases. A prosecutor does not waive the work product privilege by complying with CrR 4.7. Thus, the trial court's stated ground for ordering disclosure under the Act was error.
Reversed.
SEINFELD and HOUGHTON, JJ., concur.
NOTES
[1] The plea offer sheets are no longer in issue. The only documents that the State now seeks to preclude from disclosure are fact-gathering documentspolice reports, field sobriety tests, and other information gathered by Deputy Eugene Allen.
[2] The Supreme Court also remanded for the trial court to determine whether some of the information Limstrom requested might also be protected under the Criminal Records Privacy Act, RCW 10.97.080. The trial court complied. And the parties do not challenge this part of the trial court's ruling.
[3] Limstrom was precluded from oral argument on appeal because he did not submit a timely brief. RAP 11.2(a) provides that "[a] party of record may present oral argument only if the party has filed a brief."
[4] The Act mandates broad disclosure of public records:

It is hereby declared by the sovereign people to be the public policy of the state of Washington:
. . . .
(11) That, mindful of the right of individuals to privacy and of the desirability of the efficient administration of government, full access to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society.
RCW 42.17.010.
The public records act additionally provides at RCW 42.17.251:
The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. The public records subdivision of this chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy.
In order to promote its purpose, the Act requires all state and local agencies to make available for public inspection and copying all public records, unless the record falls within the specific exemptions of [the Act], or other statute which exempts or prohibits disclosure of specific information or records.
Limstrom, 136 Wash.2d at 603-04, 963 P.2d 869; RCW 42.17.260(1) (emphasis added).
[5] Dawson v. Daly, 120 Wash.2d 782, 788, 845 P.2d 995 (1993).
[6] Dawson, 120 Wash.2d at 789, 845 P.2d 995.
[7] The Supreme Court noted that on its face, the Act does not require an agency to go outside its own records and resources to identify or to locate a particular requested record. Nor does the Act give citizens the right to sift through an agency's files indiscriminately in search of records or information that they cannot reasonably identify or describe to the agency. Limstrom, 136 Wash.2d at 605, 963 P.2d 869.
[8] RCW 42.17.270 provides:

Public records shall be available for inspection and copying, and agencies shall, upon request for identifiable public records, make them promptly available to any person.... Agencies shall honor requests received by mail for identifiable public records unless exempted by provisions of this chapter.
Limstrom, 136 Wash.2d at 604-05, n. 3, 963 P.2d 869.
[9] The Court also noted that under the public records act, the party seeking to prevent disclosure bears the burden of proof. Limstrom, 136 Wash.2d at 612, 963 P.2d 869, RCW 42.17.340(1). The Court concluded,

While it is conceivable that the release of 50 or more files related by type of action charged might show a pattern that reveals a strategy or trial tactic that is the essence of an attorney's legal approach to a particular kind of case, and therefore protected under the work product rule, it is for the court, not the agency, to make the final determination that an exemption applies.
Limstrom, 136 Wash.2d at 612-13, 963 P.2d 869 (citations omitted).
The Court cited its recent holding in Newman v. King County, 133 Wash.2d 565, 573, 947 P.2d 712 (1997), that an active police investigation file, in its entirety, was exempt from disclosure under the Act's "effective law enforcement" exemption, RCW 42.17.310(1)(d). The Court interpreted that exemption as providing a broad categorical exemption from disclosure for all information contained in an open, active police investigation file. The Court emphasized that its
interpretation of the exemption applicable in Newman was based, in part, upon our recognition that a court can make a determination about what constitutes an open file or unsolved case and "effective law enforcement," as required by the exemption, by applying certain standards to proof offered by the agency about the status of the investigation, without reviewing the documents in the file itself.
Limstrom, 136 Wash.2d at 613, 963 P.2d 869 (citing Newman, 133 Wash.2d at 573, 947 P.2d 712).
[10] Limstrom has conceded that most of the information he sought was available from other sources, but he went to the Prosecutor first because "everything that I'm looking for is in their files." Limstrom, 136 Wash.2d at 614, 963 P.2d 869. The trial court opined that perhaps Limstrom wanted the Prosecutor's office to do his research for him.

The trial court concluded, "[T]he public disclosure legislation and the broad public purpose that is sought to be achieved there just doesn't fit this situation." Limstrom, 136 Wash.2d at 614, n. 9, 963 P.2d 869. The Supreme Court agreed that the public records act was not intended to be used as a tool for pretrial discovery. N.L.R.B. v. Sears, Roebuck & Co., 421 U.S. 132, 143 n. 10, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (Freedom of Information Act "is fundamentally designed to inform the public about agency action and not to benefit private litigants").
Moreover, before the hearing, Limstrom had received from other sources all of the documents he expected to find in the Prosecutor's files except defense attorneys' motions and the plea offer sheets. Limstrom, 136 Wash.2d at 614, n. 9, 963 P.2d 869.
[11] The trial court relied on a law review article by Professor Lewis H. Orland, Observations on the Work Product Rule, 29 GONZ. L.REV. 281, 295 (1993-94), and a federal case holding that "the ability to protect work product normally extends to both clients and attorneys, ... and the attorney or the client, expressly or by conduct, can waive or forfeit it, but only as to himself ...." In re Doe, 662 F.2d 1073, 1079 (4th Cir.1981) (citation omitted).
[12] The Prosecutor asserts, and Limstrom does not deny, that he presented the issue of waiver to the Supreme Court in his motion for reconsideration. The Supreme Court declined to reconsider its decision.
[13] The Court also determined that, in contrast, the criminal discovery rule, CrR 4.7(f)(1), uses a more narrow definition of "work product," which limits work product protection to legal research or documents "to the extent that they contain the opinions, theories or conclusions of investigating or prosecuting agencies." Limstrom, 136 Wash.2d at 606, 963 P.2d 869.
[14] CrR 4.7 is a reciprocal discovery rule that separately lists the Prosecutor's and defendant's obligations when engaging in discovery. State v. Yates, 111 Wash.2d 793, 797, 765 P.2d 291 (1988). The Prosecutor has a duty to disclose and to preserve evidence that is material and favorable to the defendant. CrR 4.7(a)(3). Failure to do so will generally be held to violate the accused's constitutional right to a fair trial. State v. Mak, 105 Wash.2d 692, 704, 718 P.2d 407, (1986). State v. Blackwell, 120 Wash.2d 822, 826, 845 P.2d 1017 (1993).
[15] CrR 4.7(h)(3) provides:

Any materials furnished to an attorney pursuant to these rules shall remain in the exclusive custody of the attorney and be used only for the purposes of conducting the party's side of the case, and shall be subject to such other terms and conditions as the court may provide.
[16] Clarified during oral argument by Ladenburg.
[17] The Supreme Court clearly indicated in its remand to the trial court that it should apply CR 26(b)(4) to its in camera review of any work product documents remaining in controversy. See Limstrom, 136 Wash.2d at 609, 963 P.2d 869.
[18] In addition to the plea offer sheets.