# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN CORTLAND, | No.  51987-9-II |
| Appellant/Cross-Respondent, | |
| v. | |
| LEWIS COUNTY, a political subdivision of The State of Washington, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant, | |
| LEWIS COUNTY LAW LIBRARY BOARD, an agency and division of Lewis County, | |
| Defendant. | |

CRUSER, J.  —  Brian Cortland appeals the trial court's order imposing a penalty, attorney fees, and costs in his Public Records Act (PRA), ch. 42.56 RCW, lawsuit, arguing that he was entitled to a larger penalty and attorney fee award for Lewis County's failure to respond to his PRA request than the trial court ultimately imposed.

The County cross appeals, challenging the trial court's order on the merits and asserting that the County did not violate the PRA when it denied Cortland's PRA request.  The County asserts that the trial court erred because either (1) the County had no duty to respond to Cortland's

PRA request by producing documents or (2) if it did have a duty to respond to the request, the records he sought were outside the scope of the PRA.

Cortland responds to the County's cross appeal by arguing that the County owed Cortland a statutory duty to respond to his PRA request. Cortland further asserts that the records were disclosable under the PRA.

We agree with the County that it did not owe a duty under the PRA to produce records in response to Cortland's request because the superior court, not the County, held any responsive records. We disagree with the trial court's reasoning to the extent that it imposed the duty to produce responsive records on the County because the County violated RCW 27.24.020(2) when it dissolved its law library board of trustees. Regardless of the propriety of that decision, the PRA does not compel an agency to go beyond its own records in order to produce responsive documents. We reverse the trial court's order on the merits and reverse the assessment of the penalties and fees. Accordingly, we do not reach the merits of Cortland's appeal pertaining to the PRA penalty and attorney fees.

FACTS

In early 2010, the Lewis County Law Library Board of Trustees ("board") disbanded and the Lewis County Superior Court began administering the law library directly through its own personnel. This change was made due to the emergence of technology that created digital libraries for legal reporters and treatises, reducing the need for physical copies of the same documents. Thus, in an effort to "save the time and resources of the Court and filing fee revenue," the Lewis County Superior Court assumed all duties previously held by the board. Clerk's Papers (CP) at

221. RCW 27.24.020(2) requires all counties with a population of 8,000 or more but less than 300,000 to have a board. The County has a population of at least 8,000 but less than 300,000.

I. PUBLIC RECORDS REQUEST

On December 9, 2015, Cortland sent 16 PRA requests to the board in two e-mails to Lisa Conzatti. Cortland directed the requests to Conzatti because he could not find a public records officer associated with the board, but she was listed on the County website as the point of contact for the Law and Justice Council. The records requests were addressed "To: Lewis County Law Library Board" and not to "Lewis County" nor to the "Lewis County Superior Court." CP at 81-82.

The Lewis County Clerk's Office had a policy of forwarding any misdirected records requests it received to the department, person, or entity to whom they were addressed. Because the request was addressed to the board, Conzatti assumed the request was misdirected and forwarded it to the superior court. The superior court, acting through the court administrator, asked Glenn Carter in his capacity as Chief Civil Deputy Prosecuting Attorney for the County to respond to Cortland's request on behalf of and as attorney for the court. After consulting the superior court, Carter responded to Cortland's request by letter on December 11, 2015.

In the December 11 letter, Carter acknowledged receipt of Cortland's request. He described the nature of Cortland's PRA requests:

> The requests are all addressed to the Lewis County Law Library Board. Each of the requests expressly states that it is made under the Public Records Act, Chapter 42.56 RCW, and asks for records that the Lewis County Law Library Board is relying on.

*Id.* at 64. Carter further explained that the agency "has not functioned for years" and that he was responding to Cortland's PRA request "as a courtesy." *Id.* Carter described the requested records

3

as administrative records of the judiciary and informed Cortland that GR 31.1, a new court rule that had not yet gone into effect, would govern access to such records. Carter further informed Cortland that because the new rule would become effective on January 1, 2016, he would have to wait and renew his request pursuant to the rule at that time.

Cortland did not renew his request under GR 31.1 and instead filed a lawsuit naming the County and the Lewis County Law Library Board as defendants on September 30, 2016 (Thurston County Cause No. 16-2-03960-34).

## II. TRIAL COURT PROCEEDINGS

The County moved for summary judgment, arguing that Cortland's PRA request was addressed to the board, rather than the County, and that the board is a nonexistent entity and not a county agency subject to the PRA. Cortland filed a motion for partial summary judgment based on a wrongful denial of records under the PRA.

The trial court held a hearing on both summary judgment motions, which the trial court treated as a "merits hearing." Report of Proceedings (RP) (Apr. 21, 2017) at 3. The trial court stated during the hearing that it would treat the nonexistent law library board as existent for purposes of its analysis. Thus, the trial court analyzed the case by deciding whether the law library board, *if* it existed, would have been a county agency subject to the PRA or rather would have been part of the judiciary. If part of the judiciary, the documents at issue would not be governed by the PRA.

The court stated,

I do not find it dispositive at all in a case such as this that the records since 2010 appear to have been held by the superior court. Given the fact that the law is clear that there *must be* a law library board, the fact that the county appears to not have had said board for that duration of time and instead had those functions residing

4

within the superior court does not harbor or protect or prevent the discovery of those documents if they would otherwise be appropriate to be obtained from public records requests.

*Id.* at 34 (emphasis added).

The trial court ruled that it would not "deny relief to the plaintiff in this case due to what has happened with respect to the creation or removal or existence or lack thereof of the law library board." *Id.* at 4. Because it determined that the County was required by statute to have a law library board and there was no dispute as to the fact that the board had ceased functioning, the trial court ruled that the County had a duty to produce records in response to the public records requests submitted to the law library board.

The trial court further ruled that the law library board is not a judicial agency, and thus, the County violated the PRA when it did not provide the documents.

The County filed a motion for reconsideration, asserting effectively the same arguments as it raised within its motion for summary judgment, including that (1) the law library board is a judicial agency not subject to the PRA, (2) the trial court improperly disregarded legislative history that reveals the law library board is a judicial agency, and (3) the court improperly used the PRA to penalize the County for violating the law library statute.

The trial court recognized that the language it used in its original order on the merits could have been misconstrued to indicate that the County dissolved its law library board specifically to conceal public records, and it granted the motion for reconsideration as to that point only. It amended its order on the merits with a footnote acknowledging that the court did not intend to characterize the County's actions in that way.

With regard to the penalty against the County, the trial court imposed a penalty of $15 per day that the records had been wrongfully withheld. It also elected to group the responsive documents into two categories by subject matter rather than assess a penalty per document, meaning it multiplied the daily penalty by two, rather than by the total number of responsive documents, which would have resulted in a far higher penalty. Finally, it found that the total number of days that Cortland was improperly denied responsive records was 545 days. In total, the trial court issued a penalty against the County in the amount of $16,350.

The trial court also substantially reduced the amount of attorney fees requested by Cortland from $357,764.79 for 985.6 hours of work at $250.00 per hour to $37,800.00 for 189 hours of work at $200.00 per hour. The trial court reduced the hourly rate because it found that this case was not more complex than a recent case involving the PRA for which Cortland's attorney, Joseph Thomas, was awarded fees at $200.00 per hour. The trial court did not award attorney fees for many of the tasks Cortland claimed because that time was spent on unsuccessful claims, was a duplicated effort, was unproductive, or because the proffered justification for how that time was spent was lacking. Other claims of hours were reduced because the amount of time allotted was unreasonable.

Cortland filed this appeal challenging the court's determination of the PRA penalty and attorney fees on March 9, 2018. The County cross appealed, challenging the trial court's holding that the County had a duty under the PRA to respond to Cortland's request

DISCUSSION

In its cross appeal, the County asserts that it did not violate the PRA because the trial court erred when it held the County responsible for producing documents in response to Cortland's PRA

6

request addressed to a nonexistent agency whose activities were taken over by a different government entity.

We hold that the trial court erred when it determined that the County violated the PRA because the County did not have a duty to produce documents in response to Cortland's request where the superior court, not the County, held responsive records.

## I. LEGAL PRINCIPLES

"The PRA is a strongly-worded mandate for broad disclosure of public records." *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 535, 199 P.3d 393 (2009). The purpose of the Act is to increase governmental transparency and accountability by making public records accessible to Washington residents. *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). Consistent with this mandate, the Act's disclosure requirements must be construed liberally and its exemptions narrowly. RCW 42.56.030.

Agency actions under the PRA are reviewed de novo. RCW 42.56.550(3). And appellate courts will stand in the place of a trial court when reviewing declarations, memoranda of law, and documentary evidence. *Spokane Police Guild v. Liquor Control Bd.*, 112 Wn.2d 30, 35-36, 769 P.2d 283 (1989). Accordingly, the following questions of law are subject to de novo review. *See Id*.

## II. THE COUNTY'S DUTY TO RESPOND

The County argues that because the law library board had been a nonexistent entity for five years by the time Cortland made his PRA request and because the superior court was wholly responsible for administration of the law library in place of the board, it did not violate the PRA

because it did not owe a duty to provide responsive documents under the circumstances.[1] Instead, the County asserts that because the superior court succeeded the law library board in administration of the law library, "[i]t was appropriate for the [s]uperior [c]ourt to respond to requests for such records." Br. of Resp't at 10. We agree.

"The Public Records Act 'does not require . . . an agency to go outside its own records and resources to try to identify or locate the record requested.'" *Koenig v. Pierce County*, 151 Wn. App. 221, 232-33, 211 P.3d 423 (2009) (alteration in original) (quoting *Limstrom v. Ladenburg*, 136 Wn.2d 595, 604 n.3, 963 P.2d 869 (1998)). In *Koenig*, Division One of this court held that Pierce County had no duty to coordinate a PRA response among its own departments (the prosecutor's office and the sheriff's department) in order to fully respond to a request. *Id*. Imposing this requirement, the court cautioned, would have the effect of requiring agencies to "first canvass[] all the other departments within that unit of government" before denying a request. *Id*. There is no such mandate within the Act. *Id.* (quoting *Limstrom*, 136 Wn.2d at 604 n.3).

Here, the trial court acknowledged that since 2010, the law library board ceased functioning and the Lewis County Superior Court assumed all administrative activities related to the law

---

[1] Cortland claims that the County waived its right to challenge the trial court's conclusion that the County had a duty to produce records under the PRA because the County later complied with the trial court's order. Cortland cites no authority supportive of his claim that a party waives an argument on appeal by complying with a trial court's order after the trial court rejects that argument. Here, the trial court specifically recognized that the County could challenge its ruling regarding the County's duty pursuant to the PRA on appeal. The "waiver" doctrine "is designed to prevent a defendant from ambushing a plaintiff during litigation either through delay in asserting a defense or misdirecting the plaintiff away from a defense for tactical advantage." *King v. Snohomish County*, 146 Wn.2d 420, 424, 47 P.3d 563 (2002). Cortland provides no evidence that the County complied with the trial court's order in order to ambush or misdirect him. We therefore address the merits of the County's claim that it did not owe Cortland a duty to produce responsive records under the PRA.

library that were formerly conducted by the board. The trial court determined that the County's argument that "any documents responsive to Mr. Cortland's requests are in the hands of an entity that is not a defendant to this action and was neither the subject nor the recipient of Mr. Cortland's public records requests (Lewis County Superior Court)" lacked merit. CP at 384. But this decision was not predicated on a factual finding that the County held responsive records. Indeed, the court made no such finding. Nor does Cortland raise a claim that the County's search was inadequate and that it should have discovered responsive records within its possession in this appeal. Rather, the trial court ruled that the County was required to produce records because

> [r]ecords are not shielded from the Public Records Act by when an entity, in contravention of an applicable statute, ceases functioning and then the relevant work continues under the auspices of a separate governmental body. Such an argument places form over function and contravenes the purposes of Washington's Public Records Act. In these circumstances, Mr. Cortland's public records requests should be considered as directed towards, and provided to, Lewis County, and Lewis County is a properly named defendant in this action, all in the stead of the Lewis County Law Library Board. As a result, this Court finds that it is appropriate to reach the issue of whether the Defendants' response to Mr. Cortland's public records requests is appropriate.

*Id.* at 383-84.

To the extent that the trial court determined it was appropriate to impose this burden of production on the County because the County did not maintain a law library board as required under RCW 27.24.020(2), the court erred. The PRA is not an enforcement tool for violations of unrelated statutes.

For example, ch. 13.50 RCW governs discovery of juvenile justice and care records, and we have held that ch. 13.50 RCW is the only mechanism for obtaining those records. *Deer v. Dep't of Soc. & Health Servs.*, 122 Wn. App. 84, 92-93, 93 P.3d 195 (2004). In *In re Dependency of K.B.*, in which an individual challenged the Department of Social and Health Services' (DSHS)

9

denial of her PRA request for records that fell within the exclusive scope of ch. 13.50 RCW, we determined that even if DSHS had wrongfully denied access to records under ch. 13.50 RCW, PRA sanctions could not be imposed for this violation. 150 Wn. App. 912, 922-23, 210 P.3d 330 (2009). We reasoned that if the legislature had intended for PRA sanctions to apply to violations of ch. 13.50 RCW, it would have so specified. *Id*.

In addition, in *Zink v. City of Mesa*, 162 Wn. App. 688, 718-19, 256 P.3d 384 (2011), we declined to impose a per-day PRA penalty resulting from the Mesa Board of Appeals' violation of a separate statute. Under RCW 35A.39.010 and former RCW 42.32.030 (1953), *recodified as* RCW 42.30.035, the Board was required to prepare draft minutes for public review, but it failed to do so. *Zink*, 162 Wn. App. at 717. Despite the Board's violation of these statutes, we declined to impose a penalty for this violation and held that "the PRA does not state that an agency's violation of independent statutory duties to prepare records is also a violation of the PRA." *Id.* at 718.

Similarly, here, there is no provision within the county law library chapter that imports PRA remedies for a violation of its mandates. *See* ch. 27.24 RCW. Thus, the County's failure to comply with RCW 27.24.020(2) cannot be the sole grounds for holding it responsible for responding to Cortland's request under the PRA. The County must have a separate, PRA-based duty to respond to Cortland's request unrelated to its violation of the law library board statute. But the trial court denied the County's claim that Cortland named the wrong defendant *because* of the County's violation of RCW 27.24.020(2). In its order on the merits, the trial court specifically stated that "[r]ecords are not shielded from the Public Records Act by when an entity, in contravention of an applicable statute, ceases functioning and then the relevant work continues

under the auspices of a separate governmental body." CP at 384-85. It acknowledged that there was no evidence that the County made the administrative transition in order to prevent disclosure of records, but it nevertheless emphasized the County's violation of the statute as the reason it was holding it responsible for Cortland's PRA request.

The trial court's determination may have been borne of concern that Cortland should not be denied access to public records because of the County's lack of a board. However, this fact does not render the County the proper government agency responsible for producing responsive documents and paying the penalty and attorney fees when there was no evidence that the County, as opposed to the superior court, held the responsive records.

Cortland received a letter in response to his PRA request two days after he submitted it. He was aware that the superior court was administering the law library in place of the law library board before he filed this lawsuit. And Cortland knew that there was a separate mechanism under GR 31.1[2] by which he could receive his requested records; however, he elected not to make use of it and instead filed suit over nine months later.

Therefore, the trial court's motivating concern that the County's violation of RCW 27.24.020(2) barred access to public records was misplaced. In ruling that the County violated the PRA when it informed Cortland of where he may seek his records, the trial court compelled the

---

[2] GR 31.1 expressly precludes imposition of any attorney fees, costs, or civil penalties from being awarded under the rule, unlike the PRA, which mandates a penalty for an agency's denial of certain rights under the Act. *Compare* GR 31.1(e) *with* RCW 42.56.550(4).

11

County to do what Cortland should have done on his own: create a new request to the entity that held the records Cortland sought. The trial court erred when it relied on this justification to impose a burden on the County that does not exist within the PRA. *See Koenig*, 151 Wn. App. at 232-33.

To the extent that Cortland responds to the County's argument by asserting that former RCW 42.56.520 (2010) imposes a mandatory statutory duty on an agency to respond to a PRA request within five days of receipt, he both misreads the plain language of the statute and misconstrues the nature of the County's assignment of error. First, former RCW 42.56.520 requires agencies to *respond* to a PRA request, but it does not require agencies to produce documents that they do not hold. An agency may respond to a PRA request in one of four ways: (1) by providing the record, (2) by providing an internet link to responsive records, (3) by acknowledging receipt of the request and providing a reasonable estimate of the time it will take to respond, or (4) by denying a request. Former RCW 42.56.520.

The trial court credited the County with making an initial response on December 11, and Cortland does not challenge that finding in his appeal. He challenges only the trial court's determination regarding the penalty amount and attorney fees. To the extent that he argues in his response to the cross appeal that the County did not respond with a five-day letter as required under former RCW 42.56.520 because the letter came from the superior court, this contention is too late to be considered by this court. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to

12

warrant consideration."). Thus, the trial court's finding that the County responded to Cortland on December 11 by denying his PRA request stands. CP at 387 ("Lewis County's response that Mr. Cortland was not entitled to any records he requested because the judiciary is not subject to the Public Records Act was improper and constitutes a violation of the Public Records Act.). Thus, under former RCW 42.56.520, the County responded by denying Cortland's request.

Second, the County does not argue that it was empowered to ignore Cortland's request; rather, the County argues that it had no responsibility to produce responsive documents on behalf of a nonexistent agency when a different government agency succeeded the dissolved agency. The County's argument can be better characterized as asserting that it fulfilled its duties under the PRA by informing Cortland of how he may seek his public records and by forwarding his request, addressed only to the law library board, to the successor entity. Whether the County should have maintained a law library board as required under RCW 27.24.020(2) does not impact its duty to respond pursuant to the PRA. The PRA may not be used as an enforcement vehicle for violations of unrelated statutes. Here, the County met its PRA obligations by directing Cortland to the appropriate agency where he could obtain his requested records and it had no further duty to produce responsive records.

## CONCLUSION

We hold that the County was not responsible for providing responsive records when the PRA request was directed to an entity that had been succeeded by a different government agency

No. 51987-9-II

and there was no evidence that the County, as opposed to the superior court, held any responsive records. Accordingly, we reverse.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

SUTTON, P.J.

GLASGOW, J.